ABRAM KLAUS ET AL. *v.* THE STATE, USE, ETC.

1. PROCHEIN AMI. *May sue without order admitting him.*

A previous order of court is not essential to enable one to prosecute a suit as *prochein ami* for an infant.

2. GUARDIAN'S BOND. *Order to put it in suit not essential.*

A suit can be maintained upon a guardian's bond for an amount found due from him, without a previous order by the Chancellor.

ERROR to the Circuit Court of Noxubee County.

Hon. JAMES M. ARNOLD, Judge.

This was an action in the name of the State for the use of
Maggie Boykin, by her next friend, B. L. Cromwell, against
Abram Klaus and William French, sureties on the bond of
E. D. Boykin, her guardian, to recover $1,390 found due from
Boykin to his ward on a settlement made after his death, by
his administrator, with the Chancery Court.  The defendants
objected that the Chancellor had not ordered suit to be brought
on the bond, and that Cromwell had not been admitted to sue
by an order of court, and, on judgment against them, brought
up the case.

*E. Dismukes*, *J. A. Orr* and *Meek & Sims*, for the plaintiffs
in error.

A stranger cannot, as next friend of the minor, sue on the
guardian's bond, without authority from the Chancellor to
put it in suit, and thus transfer the fund to his own keeping.
Cromwell has not even been admitted as *prochein ami*, and he
may be totally insolvent.  Code 1871, § 1207;  Code 1857,
p. 460, art. 143; 5 Johns. Ch. 101; 5 Cow. 195; *Stevens* v.
*Brown*, 49 Miss. 597, 601 ; *Brown* v. *Beatty*, 34 Miss. 227.  See
the compilation of statutes in Blackwell on Tax Titles, 723.

*Jarnagin & Jarnagin*, for the defendant in error.

The suit was properly brought by the next friend, Code
1871, § 669; and without any order by the Chancellor, not-
withstanding Code 1871, § 1207.  Without such previous
order, suit against the sureties on an administrator's bond can
be maintained for money found due which he has failed to
pay over; and the same rule is applicable to the bond of a
guardian.  *Burrus* v. *Thomas*, 13 S. & M. 459.

CHALMERS, J., delivered the opinion of the court.

Two questions only are presented by the record.  1st, May
a suit be prosecuted on behalf of an infant by one styling
himself " next friend," who has obtained no previous order
of court admitting him to litigate in that capacity ?  2d, May
a suit be maintained upon a guardian's bond without a previ-
ous order by the proper chancellor?  We answer both ques-
tions in the affirmative.

Code 1871, § 669, provides that, "in any case where such persons as be within age may have cause of action, their next friend shall be admitted to sue for them, and such next friend shall be liable for the costs." In Alabama, it is held that no formal leave of court in advance is required, *Bethea* v. *Mc-Call*, 3 Ala. 449; *Isaacs* v. *Boyd*, 5 Porter, 388; and, in Connecticut, if the court permits the suit to continue, this will be equivalent to a formal order of allowance, *Judson* v. *Blanchard*, 3 Conn. 579. The doctrine is not universally so held; but we think this ruling most conformable to the established practice in this State, and best calculated to further the ends of justice. The *prochein ami* is an instrument of the court, subject at all times to its orders, who voluntarily makes himself liable for costs, for the purpose of giving the infant a standing in court. He may be changed by the court at pleasure, or required to give any bonds deemed necessary. He has no power to collect and receipt for the recovery obtained in the suit without special authorization. We think the fact that he is permitted by the court to carry on the litigation is itself an admission to sue under the statute.

Code 1871, § 1207, provides that guardians' bonds " may be sued upon, by order of the proper chancellor, for any breach of the condition thereof, by the guardian whilst acting, or by the minor after attaining the age of majority." Substantially the same provision has always existed as to administrators' bonds; but it was said that the necessity for obtaining an order to put such a bond in suit was not universal, and that without such previous order a suit could be maintained against the sureties on the bond, upon a failure to pay over money found due in the hands of the administrator. *Burrus* v. *Thomas*, 13 S. & M. 459. The same rule, it was held in the same case, would apply to a guardian's bond. As before remarked, the section of the Code above quoted substantially existed at that time, with reference to administrators' bonds. The suit here is for an amount already found due by the former guardian.

*Judgment affirmed.*