## J. H. BULL *v.* L. DAGENHARD ET AL.

1. GUARDIAN AND WARD. *Relation of former to property of latter.*

A guardian does not sustain the same relation to the property of his ward that the administrator does to the decedent's estate. The guardian has no title to the property of the ward, real or personal. He is invested with powers over the ward's property, as legal agent, in so far as may be necessary to the performance of his duties; but whatever title he may assert is the title of his ward.

2. SAME. *Guardian or prochein ami, when admitted to sue for infant.*

M., as guardian of certain minors, brought an action of ejectment against D. and others, though at the time of commencing the action he had not taken out letters of guardianship of the infants. M. having died before judgment, B. qualified as guardian of the minors, and made application to the court to be admitted to prosecute the action of ejectment in his name, as successor of M. The application was denied. *Held*, that the action was, in effect, by the minors, and under section 669 of the Code of 1871, which provides that "in any case where such persons as be within age may have cause of action, their next friend shall be admitted to sue for them," the application should have been granted; but that the court should have directed the declaration to be amended, so that it would appear that the infants sued by B., as their guardian and, next friend.

ERROR to the Circuit Court of Attala County.

Hon. WILLIAM COTHRAN, Judge.

The case is stated in the opinion of the court.

*C. M. Brooke* and *H. S. Allen*, for the plaintiff in error.

1. Admitting that J. H. Mullen had not qualified as guardian at the time the suit was instituted, the letters show that before the term of court to which the summons was returnable he had qualified. And it was the duty of the defendants to have taken advantage of Mullen's not being guardian, at the institution of the suit, by plea in abatement, or by application to the court at the appearance term. The defendants cannot now be heard to deny Mullen's right to sue as guardian, because, by pleading the general issue, they admitted that fact, and are now estopped to deny such admission. Herman on Estop. 336, 537, 552.

2. But even if the objection was raised at the proper time, under our liberal statute of amendments (Code 1871, sec. 621) the court ought to have sustained the motion, upon such terms as to costs as might have been proper; for, by sustaining the motion, the defendants could not have suffered any great surprise, and no undue advantage was taken of them. It has been held in New York, recently, that when an infant commenced a suit in his own name, the declaration, upon notice of the fact being brought to the court, might be amended by bringing in a *prochein ami* to prosecute the suit. Tyler on Inf. 194, and cases there cited.

*Nugent & McWillie*, for the defendants in error.

The plaintiff must have had a legal title at the commencement of the suit; not even an equitable title which ripened before trial into a legal title will do. *Heard* v. *Baird*, 40 Miss. 793. Mullen did not pretend to claim title, or right of possession, except in his representative capacity as guardian, and he did not bear that relation to the minor heirs. The record, then, does not represent any actual suit, for to do so it must show parties plaintiff as well as defendant. Here there was no plaintiff. The proceeding was a nullity, and the plaintiff in error was endeavoring to perpetuate that which had no existence.

Where the claimant in the action of ejectment is a guardian,

he must, before showing title in his wards, produce a regular appointment from a competent tribunal as the guardian of such ward. Proof of the guardianship is preliminary to proof of the ward's title, though the two together constitute all that is essential to establish his right to the possession; and unless the plaintiff establishes his character as guardian, he is precluded from setting up any title in the ward. Such being the law, it cannot be contended that the court below exceeded its authority in overruling the motion and dismissing the action; for the only question before it was whether or not J. H. Mullen was guardian when the suit was instituted, and not whether Bull was his successor, or the minors held the legal title.

SIMRALL, C. J., delivered the opinion of the court.

This action of ejectment was brought by J. H. Mullen, the guardian of the infants Mary L. Ross and Louisa E. Ross.

Mullen's death was suggested, and motion made by J. H. Bull for leave to continue the suit in his name, he having been appointed guardian, the successor of Mullen. The application was refused, and the suit was dismissed.

We construe the agreement of counsel as submitting to the court the effect of the death of Mullen on this litigation, and the rights of Bull to be admitted to prosecute the suit. The court was of opinion (we infer) that Mullen could not sue in ejectment as guardian, before his letters were taken out, and, therefore, to allow Bull to continue its prosecution would result in no good, because his recovery was dependent on the right of his predecessor at the time the writ was sued out.

The plaintiff in error insists that although the suit may have been prematurely brought by Mullen, yet, his appointment as guardian having been made before the return-term of the writ, the fault objected to has been cured; but if mistaken in that, the only mode in which the exception could be raised was by plea in abatement, which was waived by the pleas of the defendants to the merits.

A guardian does not sustain the same relation to the ward that the administrator does to those interested in the estate. The guardian has no title to the property of his ward, real or personal. Whatever he does in respect of the property is in right of his relation to the ward. He is clothed with powers over the person and property, as *legal agent*, so far as may be needful to the performance of his duties. Whenever he asserts title as guardian, it is the title of his ward. A guardian *ad litem*, whose function is limited to the particular suit, answers for the infant — or, rather, it is the answer of the infant by him.

The disability of an infant to sue grows out of his incapacity. He cannot constitute an attorney. The *prochein ami* who sues on behalf of, and in the name of, an infant derives no authority from him, but is accepted by the court as a fit person to prosecute the infant's right in that suit.

Regularly, the *prochein ami* ought to be allowed by the court to institute the suit. But there has been such relaxation in the practice in this and some other states that such recital in the declaration, or the entertainment of the suit by the court, will be such recognition of the character which he has assumed as will be equivalent to a previous permission. *Klaus* v. *The State, use, etc.*, 54 Miss. 644. He is subject to the control of the court as its appointee or officer, and may be removed or displaced at its pleasure.

Substantially, the suit was by the infants, and to redress their wrongs — the same as if brought by an adult. For all legal purposes the infants were the plaintiffs, seeking to recover land withheld from them. The person who conducts the litigation in their behalf is amenable personally for costs. In this form infants may bring, it seems, any of the forms of action — as, for use and occupation of land (*Porter* v. *Bluler*, 17 Barb. 149), or ejectment (16 Mee. & W. 778; Tyler on Inf. 149). Such is the provision of the Code, section 669: "In any case where such persons as be within age may

have cause of action, their next friend shall be *admitted* to sue for them ; and such next friend shall be liable for costs."

When Bull applied to be " admitted " to continue the suit,. the real question was this : The action having been originally brought on behalf of the infants, ought Bull to be allowed to continue the prosecution of the " cause of action" of the infants set up in the suit, to wit, the recovery of the possession of the lands? We think that the court ought to have granted his request, and, as a recovery might have been embarrassed by the form of the declaration filed by Mullen, Bull ought to have been directed to amend the declaration so as that it would appear that these minors sued by him as their guardian and next friend, and thereby have disembarrassed the pleading from the *technical* point that Mullen sued as guardian before his appointment. But Bull ought to have been required to pay the costs up to the date of his application.

Judgment of dismissal reversed, and cause remanded to be proceeded in as herein directed.