W. C. POUNDS ET AL. *v.* CLARKE, HOOD & CO.

HOMESTEAD. *Conveyance. Failure of wife to sign. Doing equity.*

   Although the wife must join in a conveyance of her husband's homestead, she has no estate therein, and is not a proper party to a bill by him to cancel a trust-deed thereon given by him alone; and he cannot, by joining her as a complainant, avoid the requirement in a court of chancery of doing equity by offering to pay the secured debt. *Massey* v. *Womble,* 69 Miss., 347, distinguished.

FROM the chancery court of Lee county.

HON. BAXTER McFARLAND, Chancellor.

Appellants, W. C. Pounds and M. L. Pounds, his wife, filed this bill against appellees to cancel a deed of trust, by which W. C. Pounds conveyed the land in controversy to one Gray to secure a debt due to appellees, and also to cancel the conveyance by said trustee to them. The bill seeks to avoid the deeds, on the ground that the land was the homestead of the complainants, and the wife did not join in the execution of the trust-deed. The defendants, after their purchase, had obtained possession by an action of unlawful detainer, and were in possession when the bill was filed. They demurred, on the ground that complainants do not offer to do equity. Demurrer sustained, bill dimissed and complainants appeal.

*E. H. Bristow,* for appellants.

In *Duncan* v. *Moore,* 67 Miss., 136, the debtor husband alone filed the bill. The wife had, presumably, waived her veto right by refusing to join in the bill. Here the innocent and injured wife joins in the bill. In *Massey* v. *Womble,* 69 Miss., 347, the widow and children, as heirs at law, were allowed to join in a bill to vacate such a void conveyance. The wife has no estate, it is true, but her veto power will avail little if the husband can incumber, and the incum-

brance is good until the debt is paid. In equity the complainant needs no legal title. An equity, a usufruct, a power or expectation, is sufficient.

*J. A. Blair*, for appellees.

This case is controlled by *Deans* v. *Robertson*, 64 Miss., 195.

Woods, J., delivered the opinion of the court.

M. L. Pounds, the wife, was neither a necessary nor a proper party to the litigation. She had no interest in the lands, and if, as appears, the husband had undertaken to convey the homestead without the wife's joining therein, the conveyance may be shown by the grantor to be invalid in any forum in which the question may arise. The attack may be made upon this invalid conveyance by the husband, at law or in equity, and there is neither necessity nor propriety in making the wife a party to litigation concerning lands in which she has no estate or interest.

If the husband elects to invoke the aid of a court of equity rather than resort to a law court, the shadow of the wife's name, as an unnecessary party to the proceeding, will not absolve him from the operation of the rule which requires him to do equity before asking relief in equity. Though the conveyance is invalid, the appellant must be required to do equity, by paying what the conveyance was designed to secure, before he can have a court of conscience cancel the invalid instrument.

The case is readily distinguishable from that of *Massey* v. *Womble*, 69 Miss., 347. In that case, the husband, who had conveyed without the wife's joinder, was dead, and the wife had succeeded to the headship of the family, and had an estate in common with her children in the premises. She was a necessary and proper party, and she was under no obligation to pay any debt secured by the invalid conveyance.

*Affirmed.*