## Peter McKenzie et al. v. J. L. Shows et al.

1. Homestead. *Sale of trees. Joinder by wife. Code 1880, § 1258.*

    Growing trees are part of the realty. Hence, a conveyance by a husband of all the merchantable timber on his homestead, with an indefinite time for its removal, is an incumbrance of such homestead, and void if the wife does not join. So held where the sale of the timber would reduce by one-half the value of the homestead. Code 1880, § 1258; *Harrell* v. *Miller*, 35 Miss., 700.

2. Conveyance of Homestead. *Failure of wife to join. Effect.*

    A conveyance of his homestead by a husband, without his wife's joinder, does not pass an estate in expectancy to vest when the land ceases to be a homestead. It conveys no estate whatever.

From the chancery court of Jones county.

Hon. W. T. Houston, Chancellor.

One Yawn was the owner of 160 acres of land, which he occupied, with his wife, as their homestead, and, while so occupying it, he conveyed, by deed, to appellant, McKenzie, all the timber of a designated size growing on the land, no time being fixed for its removal. The deed was acknowledged and placed upon record. Afterward, Yawn and wife, by joint deed, conveyed the land to Collins, who conveyed to appellee, Shows. Soon after the latter went into possession, McKenzie entered on the land and began to cut and remove timber, when he was enjoined by appellees. The only question presented by the case is the effect of the conveyance by Yawn of the timber growing on the homestead without the joinder of his wife. The court below perpetuated the injunction, and defendant appeals.

Section 1258, code 1880, provides that "no mortgage, deed of trust, or other incumbrance upon the homestead exempted from execution, shall be valid or binding unless signed by the wife of the owner, if he is married and living with his wife."

*R. H. Thompson*, for appellant.

1. Yawn, the husband, owned the homestead. His wife had only a veto power on conveyances by him. He could sell against her wishes, if an abandonment were contemplated and takes place. If the decree in this case is correct, a husband cannot control his own. He could not sell fire-wood, stone, gravel, sand or growing crops from the homestead, or clear the land for cultivation. Such is not the law. He may even lease homestead lands if the lease does not interrupt or interfere with their use and occupancy as a homestead. Thompson on Homesteads & Exemptions, § 471; Smythe on Exemptions, § 303; 38 Iowa, 182; 63 Tex., 586; 81 *Ib.*, 317; 32 N. W. Rep., 315; 39 Iowa, 101. He may dedicate a part of the homestead to the public for a street, the homestead not being impaired. 52 Ill., 78; 22 Cal., 484. He may grant license to remove minerals. 39 Iowa, 101.

2. The deed by the husband is good to vest an interest in reversion, expectant on the termination of the homestead estate. 1 Lea, 543; 2 *Ib.*, 237; 14 Cal., 472; 16 Cal., 213; 16 Tex., 56; 36 Ill., 243; 30 Vt., 678; 46 Wis., 677. The homestead has terminated, and appellant's interest at once vested. The wife is not complaining. See 58 Tex., 79.

*Shannon & Hardy*, for appellees.

Growing trees are part of the realty. *Harrell* v. *Miller*, 35 Miss., 70; 2 Bouvier's Law Dict., 608; 2 Black. Com., 281. It was necessary, therefore, for the wife to join in the deed. Code 1880, § 1258. There is a difference between growing crops and growing timber. A sale of the latter is an incumbrance on the land, especially where there is no time for removal of the timber. 5 Am. St. Rep., 570; 1 Greenleaf on Ev., § 242; 10 Ad. & El., 753.

Woods, J., delivered the opinion of the court.

In this state, for more than thirty years, and since the opinion of this court in *Harrell* v. *Miller*, 35 Miss., 700, it

has been settled law that trees growing upon land are part and parcel of the realty; that " the term *land* embraces, not only the soil, but its *natural products* growing upon and affixed to it."

Was the sale of all the merchantable timber, of certain dimensions, on the entire homestead, with an indefinite time for its removal, a conveyance of an interest in the land, or an incumbrance upon it, and invalid, and of no force, because of the failure of the wife to join in the deed? The growing trees are a part of the realty, and may be, in case the lands are what are denominated timber-lands in contradistinction to other lands called agricultural lands, a very valuable part of the realty. In a readily supposable case, the sale and removal of the entire forest growth would practically destroy the value of the realty. In the case at bar it is alleged in the bill, and not denied in the answer, that the lands in question would be only worth about one-half as much as they are, if the timber should be taken off.

Under our own decision referred to, the sale of the growing timber is a sale of a part and parcel of the land itself. It is a conveyance of an interest in the land—in the present case, an important interest. By all authorities, it is an incumbrance upon the homestead. Says Cooley, J., in *Post* v. *Campau,* 42 Mich., 90, " any thing is an incumbrance which constitutes a burden upon the title," citing a number of instances, and, continuing, " they permanently reduce the value of the title conveyed." In *Prescott* v. *Trueman,* 4 Mass., 627, Parsons, C. J., employs this language: " We are of opinion that every right to or interest in the land granted, to the diminution of the value of the land, but consistent with the passing of the fee of it by the conveyance, must be deemed in law an incumbrance." In *Cathcart* v. *Bowman,* 5 Penn. St., 317, it is held that the conveyance by deed of the timber on land, with the privilege of cutting it during a certain term, was an incumbrance of the land, and violated the covenant of warranty in a subsequent deed of the land itself to

a third person. The like doctrine has long prevailed in New York and Pennsylvania.

But it is useless to multiply authorities. The question cannot be regarded as unsettled in our courts, if *Harrell* v. *Miller* is followed to its logical conclusion. The growing trees are part and parcel of the land, by that case, and the sale of such trees, and especially the wholesale conveyance shown in the case at bar, with the large diminution in value of the homestead, is clearly and inevitably the sale of an interest in the land, and constitutes an incumbrance upon it.

There is no estate in reversion expectant upon which the appellants can enter upon the proper sale of the homestead by the husband and wife jointly, for the reason that the attempted conveyance and incumbrance of the husband alone, in the sale by deed of the timber, was absolutely invalid to convey any right or title. Collins, the purchaser of the timber, acquired nothing by the invalid conveyance from the husband alone.

We are not inclined to eat away a wise and most beneficent statute, designed for the welfare and support and comfort of wives and children, by engrafting any exceptions upon it. The law must be upheld and enforced as written, and this we do by declaring Yawn's deed to the timber on the homestead an incumbrance upon the title, and invalid for any purpose.

*Affirmed.*