# Loxley v. Douglas.

### Bill to Cancel Deed as a Cloud on Title.

1. *Homestead; to avoid imperfect deed to purchase money must be refunded.*—One coming into equity to avoid and have cancelled a deed upon the ground of its imperfect execution as a conveyance of the homestead, will, as a condition to equitable interferance, be required to refund whatever of value he has received as a consideration for the deed.

2. *Same; offer to set-off in lieu of refunding purchase money not good.*—Where the homestead is sold and a defective deed to it is executed, and the vendor comes into equity to avoid the deed, he cannot meet the equitable requirement on him to refund the purchase money received by him, by a claim against the vendee for timber cut from the land since the sale, and an offer to set-off *pro tanto* the value of the timber against the amount of the purchase money, when it does not appear that there was any agreement for such mutual extinguishment, or that there is any intervening equity requiring it unless by the assumed right of set-off as asserted in the bill.

3. *Set-off does not exist until there is counter claim* —While it is true that equity may require cross demands to be set-off against each other where from the nature of the claim or the situation of the parties justice cannot otherwise be done, yet a set-off does not exist until there is a counter claim, and the defendant asserts no claim and the principle upon which set-off may be enforced are without application, in a case where the complainant seeks to cancel a deed because it is to the homestead and defectively executed under the statute.

4. *Bill to cancel deed to homestead must offer to refund purchase money.*—A demurrer should be sustained to a bill brought to cancel a deed to the homestead because of its dfective execution. when it does not offer to refund the purchase money,

[Loxley v. Douglas.]

since such offer is necessary to give the court jurisdiction to decree return of the purchase money on declaring the deed void.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. THOMAS H. SMITH.

Jas. Douglas, Sr., and his wife sold their homestead to Jno. E. Loxley and received· in part the payment of the purchase money; but the deed of conveyance was defective because a separate acknowledgment of the wife was not taken. This suit was brought by Douglas to vacate the deed. He did not offer in his bill to refund the purchase money which had been paid to him; but made a claim that since the sale of the land the vendee had cut from it a large quantity of valuable timber and offered to set off the value of the timber against the amount of purchase money received by him and to pay the excess if any of the purchase money over the said value. He also sought a decree for the excess, if any, of the value of the timber over the purchase money. Defendant demurred to the bill and the demurrer was overruled. From this decree overruling the demurrer this appeal is taken.

GREGGORY, L. & H. T. SMITH, for appellant.—(1). A husband cannot maintain a bill to cancel a conveyance of the homestead executed by himself and wife without offering to refund the purchase money.—*Pounds v. Clarke,* 14 So. Rep. 22; *Griden v. Am. F. L. & T. Co.,* 99 Ala. 281; *McGee v. Wilson,* 111 Ala. 619.    (2). While equity will afford complete relief when it has acquired jurisdiction the relief must be incidental to the equity· of the bill and depend on the same rights and evidence. In this case the wrong is to the title and the question of title in the complainant *vel non* is paramount. Hence an accounting for timber cut is not permissable.—*McGath v. Walace,* 48 Pa. 719; 80 Fed. Rep. 206; 155 U. S. 404.

R. W. STOUTZ and LESLIE HALL, *contra.*—There is equity in the bill to remove cloud from title; and equity having acquired jurisdiction will grant full relief.—*Va. & Ala. Min. & M'f'g Co. v. Hale,* 93 Ala. 544; *Kilgoa v.*

[Loxley v Douglas.]

*Kilgore,* 15 So. Rep. 898; *Scruggs v. Driver,* 31 Ala. 294; *Price v. Corney,* 75 Ala. 546; *Fariss v. Dudley,* 78 Ala. 124; *Conner and wife v. Smith,* 88 Ala. 309. (2). The bill does not claim damages for cutting timber but only the value of the timber cut. The timber being a part of the freehold belonged when cut to the owner of the land.—*Magnetic Ore Co. v. Marbury Lumber Co.,* 104 Ala. 467; *Adler v. Prestwood,* 24 So. Rep. 999.

SHARPE, J.—Upon the principle that one seeking equity must do equity it has been held that one coming into equity to avoid and have cancelled a deed upon the ground of its imperfect execution as a conveyance of the homestead will as a condition to equitable interference. be required to refund whatever of value.he has received as a consideration for the deed.—*Grider v. Amer. F. L. & T. Co.,* 99 Ala. 281; *Pounds v. Clarke,* 14 So. Rep. (Miss.) 22, s. c. 70 Miss. 263.

This requirement is upon the consideration that to allow one to retain the benefits of an agreement which he repudiates when by doing so he derives an advantage, while the uncomplaining party is subjected to loss would be plainly inequitable.

It appears from the bill that the complainant received a part of the purchase money of the land for which he gave the deed he now seeks to have declared void. Instead of offering to return the money the complainant presents a charge against the defendant for timber cut upon the land. Respecting this claim the statements of the bill are "that since the alleged execution of said deed said Loxley however, cut from said lands therein described much valuable timber which was then and is now worth about two hundred and fifty dollars and which said Loxley appropriated to his own use; that in equity and good conscience said Loxley is justly indebted to complainant in said sum of two hundred and fifty dollars for said timber so cut from said lands and that by way of doing equity complainant hereby sets off or offers to set off against and on account of said sum so due for said timber so cut by said Loxley the money so paid by said Loxley to complainant as and on account of the purchase money of said lands." The bill further proposes

37

that in case the value of the timber is found to be less than the money received, the complainant will pay the excess and prays that in case the timber value exceeds the money received, a decree be rendered in favor of complainant for such excess of value.

Whether the obligation upon the complainant to do equity could under possible circumstances be less than the actual return of the purchase money received we need not inquire. Here he seeks to avoid such return simply by presenting a claim against the defendant and offering to extinguish it *pro tanto* with the money he received when it does not appear that there was any agreement for such mutual extinguishment or that there is any intervening equity requiring it unless by the assumed right of set off as asserted in the bill.

It is true that equity may require cross demands to be set off against each other where from the nature of the claim or the situation of the parties justice cannot otherwise be done. A set off however does not exist until there is a counter-claim, and in a case like the present the defendant asserts no claim, and the principles upon which set off may be enforced are without application.

The return of the purchase money by the complainant is not made obligatory upon him except as a condition to the relief which he seeks and which the defendant resists. The design of the equitable requirement is the restoration of the parties upon the granting of the relief, to as nearly as practicable the *status quo* they occupied before the transaction assailed was had, in respect of matters incident to and growing out of it. Such object would not be accomplished by thrusting upon the defendant the necessity of submitting to or defending against a claim which though for timber cut from the land embraced in the deed is yet wholly extraneous to and independent of the transaction involving the making of the deed in question.

To give the court jurisdiction to decree the return of the purchase money upon declaring the deed void it was necessary that the bill should have contained an offer to so refund, and because of its failure to do so the demurrer should have been sustained.

The decree appealed from will be reversed at appellee's cost and the cause will be remanded.
Reversed and remanded.