RICHARD McDONALD ET AL. *v.* NANCY A. SANFORD.

[41 South. Rep., 369.]

HOMESTEADS. *Husband and wife. Encumbrances. Cancellation. In-
junction.*

Where a husband alone executed a writing evidencing an equitable
mortgage on lands and the mortgagee, charging that the lands
were not a homestead, sought and obtained a decree enforcing
the lien without making the wife a party to his suit, the husband
and wife may enjoin its execution by showing that (Code 1892,
§ 1983) the land was their homestead, and that they were living
together thereon when the writing was executed. *Pounds* v.
*Clark,* 70 Miss., 263 (s.c., 14 South. Rep., 22), overruled.

FROM the chancery court of Covington county.

HON. JAMES L. McCASKILL, Chancellor.

McDonald and his wife, Louella, appellants, were complain-
ants in the court below; Mrs. Sanford, the appellee, was defend-

and there.    From a decree sustaining defendant's demurrer to the bill of complaint the complainants appealed to the supreme court.

On January 8, 1900, Richard McDonald, one of the appellants, gave the husband of appellee a note to secure borrowed money, as follows:

"Williamsburg, Miss.    On or before January next, 1901, I promise to pay to Nancy A. Sanford the sum of $450.00, bearing interest from date until paid, for value received.    This January 8, 1900.    And to make the above note good, or in case I fail to pay the above specified amount, bearer to have the following described lands named, to wit: S. ½ S. W. ¼, section 36, T. 8, R. 16.                             .         W. R. McDONALD."

On February 9, 1905, Mrs. Sanford filed a bill in the chancery court against Richard McDonald alone, asking that the above note be declared a mortgage on the property therein described, alleging that the land at the date of the note was not McDonald's homestead.    On the hearing, May 2, 1905, a decree was rendered against McDaniel, and a commissioner appointed to sell the land for satisfaction of the indebtedness.    Afterwards, on June 7, 1905, McDonald and Louella McDonald, his wife, filed their bill to cancel the above mentioned decree charging that the land was a homestead, and was a homestead at the time the note was given and at the time the decree was rendered, and that the indebtedness had been fully paid; that Mrs. McDonald knew nothing of the execution of the note by her husband, and knew nothing of the suit in chancery declaring it a mortgage on the homestead; and that McDonald was deterred by duress from appearing and defending the former suit.    Mrs. Sanford, the appellee, demurred to the bill of complaint, and the court below sustained the demurrer.

*McIntosh Brothers,* for appellants.

In the case at bar it is alleged that the wife, Mrs. Louella McDonald, did not sign and did not know of the existence of the

note given by her husband.   She was not a party to the suit, and did not know of the pendency thereof, wherein said note was sought to be declared an encumbrance upon the homestead, but she was ignorant and in the dark in regard to the entire proceedings until long after the final decree had been rendered, when her peaceful enjoyment of the shelter of her home was disturbed by the commissioner in said decree, advertising her home for sale.   She had not committed any acts by which her rights in the homestead had been forfeited; then evidently this decree is void so far as it affects the homestead.   Has the wife such an interest in the homestead to join in a bill of complaint with her husband, who has been prevented by duress from defending his rights?

In the case of *Gulf, etc., R. R. Co.* v. *Singleterry,* 78 Miss., 772 (s.c., 29 South. Rep., 754), the court said: "The statute makes the homestead community property or clothes it with the incidents of community property."   She is therefore evidently a proper party in a suit to subject it.   It was contended by appellee upon the trial of this case, and so held by the learned chancellor, that the question as to whether it was a homestead was adjudicated and settled in the former decree.

The decree rendered therein is void because the question in regard to the homestead cannot be adjudicated unless the wife and husband be joined as parties to the suit.

In the case of *Revalk* v. *Cramer,* 68 Am. Dec., 306 (Cal.), wherein John Revalk gave a mortgage upon the homestead which was not signed by the wife, after which proceedings in chancery for the foreclosure was had, and John Revalk appeared and answered the case and a decree was rendered against him, subjecting the property, suit for injunction to restrain the enforcement of this decree to foreclose the mortgage executed by John Revalk, the husband alone, was filed by John Revalk and wife, and the court said: "The wife was not a party to the suit in the honorable court, and could not in any way be affected thereby,

nor could the rights of the husband as to the homestead be affected by the proceedings in that case. When the husband appears alone and defends the suit, his right to the homestead is no more concluded by the decision than by his separate execution of a deed or mortgage. Legal proceedings, to be conclusive against either, must embrace both the separate answer of Revalk for himself, did not constitute any defense."

In the case of *Lawson* v. *Reynolds,* 13 Iowa, 579 (s.c., 81 Am. Dec., 444), a similar case to this, where the husband alone was a party to the foreclosure proceeding of a mortgage and a decree rendered against him, and the husband and wife interposed a bill for injunction, it was said: "In California and Texas, in which states more important questions touching the homestead right have been settled than in any others, it is held that husband and wife should be joined, and that if on foreclosure she is not joined, her rights are not affected, and that it is error to refuse to allow her to intervene." *Sargeant* v. *Wilson,* 5 Cal., 504; *Tadlock* v. *Eccles,* 20 Tex., 782; *Revalk* v. *Cramer,* 8. Cal., 66; *Wisner* v. *Forranham,* 2 Mich., 472.

*R. L. and E. L. Dent,* for appellee.

Complainants state in their bill of complaint that the land was occupied by them as a homestead, when the husband gave the lien to secure the money loaned, and that on this account the lien was void, and that the decree should be cancelled as to the land in controversy. The appellee in her original bill stated that the land was not the home of Mrs. McDonald, when this lien was given.

The failure to claim homestead rights as a defense in the original suit is fatal to appellant. Even though entitled to homestead exemption if the husband fails to assert it in proceedings against him, he cannot set it up as a defense, after in the final determination of the suit. *Henderson* v. *Still,* 61 Miss., 391; *Miller* v. *Sperry,* 6 Wall., 237.

All of the matters and things set forth in the appellant's bill seeking to set aside the former decree had been fully adjudicated, and a bill of review will not lie.    4 Am. & Eng. Ency. Law (2d ed.), 849) ; *Vaughn* v. *Cutrer,* 49 Miss., 782 ; *Sledge* v. *Boone,* 57 Miss., 222 ; *Enoch* v. *Harrelson,* 57 Miss., 465 ; *Mayo* v. *Clancey,* 57 Miss., 674.

If these parties were residing on the land at the time this lien was given, and the wife did not sign it, they could not cancel the original instrument, without paying the debt, and of course if it is reduced to a decree by the court, they have no right to cancel the decree based thereon.

The owner of a homestead, who, to secure a debt, has given a trust deed thereon, which is void because not signed by the wife, cannot in equity have it cancelled without offering to pay the debt.    He who seeks equity must be equitable.    *Duncan* v. *Moore,* 67 Miss., 136 (s.c., 7 South. Rep., 221) ; *Deans* v. *Robertson,* 64 Miss., 197 (s.c., 1 South. Rep., 159).

The wife of McDonald in this proceeding is neither a necessary nor a proper party.    She has no interest in the land in controversy, only a veto power.

Although the wife must join in a conveyance with her husband to a homestead, she has no interest therein, and is not a proper party, or a part of him, to cancel a trust deed given by him alone, and he could not join her as a complainant in a court of chancery before offering to pay the secured debt.    *Pounds* v. *Clark,* 70 Miss., 263 (s.c., 14 South. Rep., 22).

Whitfield, C. J., delivered the opinion of the court.

This was an original bill, not a bill for review, and, if its allegations are sustained, the grossest possible fraud on the part of appellee will be shown.    There was no *res adjudicata* as to the rights of the wife in the homestead, growing out of the decree in the original suit, since she was not made a party to that suit. The authorities cited by learned counsel for appellee on this point have no application.    The case of *Pounds* v. *Clarke,* 70

Miss., 263 (14 South. Rep., 22), announces a wholly unsound proposition, and it is hereby overruled.   Whatever name may be given to the wife's interest in the homestead, whether it be called. an estate, or an interest, or a claim, or a right, or a veto power merely, it is such an interest or right as the statute requires to be conveyed by a deed, and a deed to the homestead without the wife joining in the conveyance has been correctly held, in the case of *G. & S. I. R. R. Co.* v. *Singleterry,* 78 Miss., 72 (s.c., 29 South. Rep., 754), to be an absolute nullity.   And it was further held in that case that the husband himself was not concluded, as to his own interest even, from bringing the action of trespass to recover damages from the railroad company for laying its right of way over the land to which the husband had executed a conveyance without the joinder of the wife; the land being homestead property.   The same doctrine precisely was held in *Revalk* v. *Kraemer,* 68 Am. Dec., 306, a California case.   There Revalk had given a mortgage upon the homestead, which was not signed by the wife, and a bill to foreclose was filed against Revalk, without making the wife a party, and a decree was rendered against him alone, subjecting the property to sale.   Afterwards Revalk and his wife filed a bill for an injunction to restrain the sale, and the court said: "The wife was not a party to the suit, and could not in any way be affected thereby, nor could the rights of the husband as to the homestead be affected by the proceedings in that case.   When the husband appears alone and defends the suit, his right to the homestead is no more concluded by the decision than by his separate execution of the deed or mortgage. The legal proceedings, to be conclusive against either, must embrace both."

In the case of *Larson* v. *Reynolds & Packard,* 13 Iowa, 579 (81 Am. Dec., 444), it is also expressly held that the wife is not estopped by a decree foreclosing a mortgage on a homestead executed by the husband alone, and that she cannot be ousted from possession by sale made under such a decree.   And the

court said, on p. 582 of 13 Iowa (p. 447 of 81 Am. Dec.) : "The right of the wife to the homestead differs from that of dower, and the provisions of the statute as to its conveyance or incumbrance are also different.    But the difference arises necessarily from the rights and privileges reserved to the wife during and after the life of the husband.    Thus the husband may fail to select, plat, mark out, and record the homestead; and, if so, the privilege then devolves upon the wife.    So the deed passes nothing, not even his interest, if she does not join.    Upon his death she has the right to continue its occupation, and it cannot be taken from her by his will or devise.    And if she does not survive the husband, her issue may upon a certain contingency take the whole homestead.    From which premises it is reasonably clear that the wife's right or interest in the homestead is not merely an inchoate one, to become vested after his death, and which after assignment may be disposed of by a judicial sale for the debt of the husband; but that the occupation of it as a home gives her a right therein, without any further act on her part, or any one for her, which cannot, without her consent, be divested.    The homestead belongs, as it were, to the family.    It is for the benefit of the family—parents and children.    As to its conveyance, the law contemplates that there shall be a concurrence of both minds, of the two heads, so to speak, before the dwelling place of the family shall be incumbered, or the rights of either one be divested or affected.    It is seen, therefore, that the will of the wife is in theory as supreme as that of the husband."    And in the case of *Sargent* v. *Wilson et al.,* 5 Cal., 504, it is held: "Where an action is brought to foreclose the mortgage upon property claimed as a homestead, the wife of the mortgageor is a necessary party to a full adjustment of the controversy, and should be allowed to intervene."    And the case was reversed in order to permit her to intervene.    This same doctrine is held in many other cases not necessary to cite.

 -  The plain purpose of our statute on this subject was to protect

the wife in the shelter and refuge of a homestead, unless she has herself joined in conveying away the homestead, and by whatso-. ever name her right may be designated, it is perfectly manifest that no conveyance or mortgage of the homestead, without her joining in the conveyance, is anything less than utterly void. And a bill filed by a creditor of the husband to foreclose an incumbrance on the homestead executed by the husband alone, if it shall result in a decree for the sale, results in a decree that is void for the obvious reason that the wife was an essentially necessary party. The doctrine announced in the case, which we unhesitatingly overrule, operates an absolute nullification of our statute providing that a wife must join in a conveyance for the incumbrance of a homestead.    The doctrine which we approve is laid down, also, in 15 Am. & Eng. Ency. Law, 683 (last clause of the section).    It will be seen by an examination of the notes that the overwhelming weight of authority is to that effect.    Amongst the cases cited are *Cummings* v. *Busby,* 62 Miss., 195, and *McKenzie* v. *Shows,* 70 Miss., 388 (12 South. Rep., 336; 35 Am. St. Rep., 654).    In the first-named case the court, speaking through Chief Justice CAMPBELL, held the trust deed executed by the husband alone to secure his debt absolutely void.    The creditor had advertised the property under the trust deed, and bought it in.    Afterwards Busby and wife brought an action of ejectment to recover the lands.    The sole question in the case was whether the deed was void or voidable, and the court held that the deed of trust was void, and that the husband and wife could both join in an ejectment to recover the land.    Here is a case holding that, whatever the interest of the wife is, it is such an interest or right that she can maintain ejectment to recover it.    In the case of *McKenzie* v. *Shows, supra,* the court expressly held that the conveyance of the homestead by the husband without the wife's joinder conveyed no estate whatever of any kind.    The court said: "There is no estate in reversion expectant upon which the appellants can enter upon the proper sale of the homestead by the

husband and wife jointly, for the reason that the attempted conveyance and incumbrance of the husband alone, in the sale by deed of the timber, was absolutely invalid to convey any right or title.    Collins, the purchaser of the timber, acquired nothing by the invalid conveyance from the husband alone.   We are not inclined to eat away a wise and most beneficent statute, designed for the welfare and support and comfort of wife and children, by ingrafting any exceptions upon it.    The law must be upheld and enforced as written, and this we do by declaring Yawn's deed to the timber on the homestead an incumbrance upon the title and invalid for any purpose."

*The decree is reversed, the demurrer overruled, and the cause remanded, with leave to answer within thirty days from the filing of the mandate in the court below.*