COLUMBIA MUT. LIFE INS. CO. *v.* JONES.

(Division B.   March 23, 1931.)

[133  So.  149.   No.  29244.]

J. M. Stevens, of Jackson, for appellant.

**J. Knox Huff**, of Forest, for appellee.

Argued orally by **J. M. Stevens**, for appellant, and by **J. Knox Huff**, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

Mrs. Jones was complainant in the court below and filed a bill in the chancery court against the Columbian Mutual Life Insurance Company, in which she alleged that she was a citizen of Scott county, Mississippi; that in June, 1920, she and Henry L. Jones of Scott county were married, and in August of said year established their residence and homestead on a farm of the said Henry L. Jones, situated in Scott county and described in the bill, upon which land there was then and now is situated a home, barns, and other appurtenances, pasture, cultivatable lands, and generally the characteristics of a country homestead; that the parties resided upon the said lands and engaged in the cultivation of them until the fall of 1921; that Henry L. Jones was and is a veteran of the World War, having served in the army of the United States, from which service he sustained physical and nervous injuries and deficiencies to the extent that he became temporarily unfitted to continue his farm work, and was offered, by the government of the United States, the privilege of temporarily removing to Jackson to receive better medical attention and to receive vocational training at Millsaps College; that they thereupon took up a temporary residence in Jackson, Mississippi, and Henry L. Jones was placed under the care and treatment of physicians and entered the college as a student, provisions for which were made by the United States government; that the temporary removal was for the purpose of receiving medical attention and such vocational training, and it was the purpose of the complainant and Henry L. Jones to return and reoccupy their homestead as soon as conditions would permit, and that the homestead had never been abandoned; that all of said land so owned was contiguous and in the form of a parallelogram and did not exceed one hundred and sixty acres

in area and is less than three thousand dollars in value; that the said premises had constituted their homestead since their marriage; that when they moved from the homestead they left a portion of their personal effects in their home, and that they have retained the absolute use and control over the dwelling house on the said farm and made frequent trips back and forth; that both she and her husband are registered and qualified electors of Scott county; that the removal was necessary for the purpose of procuring medical attention; that the condition of Henry L. Jones from the injuries received in the war affected his mental and physical health, and that on the 12th day of December, 1928, a writ of lunacy was directed against the said Henry L. Jones from the chancery court of Hinds county, and that upon a hearing he was duly adjudged non compos mentis, a copy of the lunacy proceedings being made an exhibit to the bill. It was further alleged "that at the time and while the said Henry L. Jones was in the condition aforesaid, he, on the 15th day of February, 1927, without the consent or knowledge of your complainant, executed and delivered to the Columbian Mutual Life Assurance Society a certain deed of trust conveying in trust the aforesaid land, (the homestead of your complainant and her said husband, Henry L. Jones), to secure the payment of a certain note executed on said date to the said Columbian Mutual Life Assurance Society in the sum of two thousand dollars, in which deed of trust Henry Kahn was named Trustee." It was alleged further that the said trustee thereafter undertook to foreclose and sell the land under the said deed of trust, and had executed a pretended trustee's deed purporting to convey the title of the said lands to the defendant. It was further alleged that complainant, being the wife of Henry L. Jones at the time of the execution of the deed of trust, has an interest in the said homestead fixed by law, and that, on account of her

not having signed and not having consented to or agreed to its execution by her husband, this deed of trust is void; that she did not execute this deed of trust nor join in the execution thereof with her husband; that she had never ratified same in any manner as the act of her husband in the execution of said deed of trust; and that she has at all times since and now claims all rights given her by law and equity as the wife of the said Henry L. Jones against the foreclosure of said deed of trust, or the fixing of any lien against said property in favor of the said Columbian Mutual Life Assurance Society of Memphis, Tennessee. She prayed for the following relief: That the court would decree that the title claimed by the defendant, the Columbian Mutual Life Insurance Company, in and to the said lands (describing them) acquired under trustee's deed, Exhibit C to this bill of complaint, as a result of the trustee sale under the terms of the deed of trust, Exhibit B, be delivered up and canceled and hereafter held for naught, and that the lien claimed by the defendant, the Columbian Mutual Life Assurance Society, under the terms of this deed of trust, also be delivered up and canceled and forever hereafter held for naught, and that the complainant's homestead rights and interest in and to said land be by said decree fully established and protected, and for general relief.

The defendant demurred to the bill on numerous grounds, constituting both general and special grounds of demurrer. It is demurred to, among other grounds, that there is no equity on the face of the bill. The bill states no case either at law or equity. That the complainant, as the wife of Henry L. Jones, cannot institute and maintain this suit in her own name; that the bill in this case cannot be filed or maintained without Henry L. Jones joining therein as a party complainant; that the bill shows on its face that the legal title and ownership of the land involved was in Henry L. Jones' name,

and that he is a necessary party complainant. Another ground is that the bill shows on its face that the complainant does not offer to do equity in paying off and satisfying the indebtedness evidenced by the notes and deed of trust; that if, as alleged, Henry L. Jones has been adjudged non compos mentis, he could sue by a guardian or next friend, and such parties are necessary, and that the allegations of the amended bill as to any alleged mental incapacity of Henry L. Jones to execute a valid trust deed at the time the deed of trust to the Columbian Mutual Life Assurance Society was executed are insufficient in law to show that the said Henry L. Jones did not appreciate the nature and extent of a contract, or to show that said trust deed was invalid on that account.

The demurrer was overruled, and an appeal granted to settle the principles of the case.

It will be noted from the statement of the grounds of the demurrer that the demurrer embraces both general grounds going to the whole jurisdiction and special grounds going to alleged defects in the bill of complaint. Where a demurrer is sustained or overruled, it is done as a whole. If the demurrer challenges the jurisdiction of powers of the court to grant any relief going to all aspects of the bill, it is a general demurrer and should not be joined with special grounds of demurrer. The demurrer being overruled and having grounds going to the general jurisdiction of the court challenging the power of the court to grant any relief under the bill, and the court not having the right to pass upon a general demurrer and a special demurrer jointly, its judgment is limited to the general demurrer. In Griffith's Chancery Practice, pages 289 to 296, this is discussed. In section 290 of the said work it is said: "Having now clearly seen that a demurrer goes only to the facts as set up in the bill, and so far only as they are therein well pleaded, and

can go to nothing else, the next most important matter is that of the use and scope of the general demurrer, as distinguished from the special demurrer, for they have their separate and distinct offices and cannot ordinarily be embraced in one pleading as we shall presently see, however often it is that they are erroneously attempted to be so presented in actual practice. The general demurrer, to put it tersely, challenges the right to recover upon that bill in that court in toto, or to restate it as has already been stated, it directly challenges the whole bill upon the primary equitable substance of it, or the whole cause upon the propriety of its cognizance in a court of equity.'' In section 291, it is said: ''When the demurrer raises the question of law that the facts stated in the bill constitute no equitable cause of action it is necessary for the demurrer to contain only the one general cause of demurrer as follows: 'That there is no equity on the face of the bill:' and this ground so stated raises the questions, first, that upon the face of the bill the complainant has no present actionable title or interest in the subject matter of the suit; or second that the defendant has no interest, and is in no way liable, in the suit, or if liable is not liable to the complainant but to some other person; or third, that in any event under the law of the land no cause of action is stated in the bill, that the facts alleged do not show that the complainant is entitled to any relief under the law. Under such a demurrer the question becomes simply this: If the bill, as stated, should be taken as confessed, would it be evident that no final relief could be granted under it against the defendant—if so the demurrer will be sustained, or as it is otherwise briefly stated, if there be no enforceable right shown by the bill in the complainant's favor against the defendant it is demurrable and should be dismissed.'' In section 294 of the same work it is said: ''The general demurrer being, then, one which comprehensively goes to

the whole bill, and which of necessity therefore must be treated throughout as an entirety, so that if the bill be good or maintainable in any part or in any respect such a demurrer must be entirely overruled, it follows as a logical consequence that grounds of demurrer which go to form only, or only to a part of a bill, or only to some particular phase of it, or which raise some secondary or affirmative defense—that is to say, grounds which belong to a special and not to a general demurrer—should not be inserted in a general demurrer, and if so done, such latter grounds must necessarily be disregarded.''

The only questions that we can decide or settle as the principles of the case are those which go to the case as a whole, the special grounds being improperly placed in the demurrer with the general grounds.

The appellant, the defendant below, strongly relies upon Scott v. Scott, 73 Miss. 575, 19 So. 589, in which the court held that the wife has, under the Code, only a veto power in respect to conveyances of the homestead, and cannot, for lack of an estate in the land, maintain a bill, the sole object of which is the cancellation of the husband's deed in which she did not join. At the time this decision was rendered the case of Pounds et al. v. Clarke, Hood & Company, 70 Miss. 263, 14 So. 22, was in force, constituting the law as the court then conceived it to be. This case held that a wife was not even a proper party to a suit by her husband to challenge the validity of or seek relief from an incumbrance executed by the husband alone, without the wife joining therein, upon the homestead. In the syllabus of that case it was said: ''Although the wife must join in a conveyance of her husband's homestead, she has no estate therein, and is not a proper party to a bill by him to cancel a trust-deed thereon given by him alone; and he cannot, by joining her as a complainant, avoid the requirement in a court of chancery of doing equity by offering to pay the secured debt.''

In the later case of McDonald et al. v. Sanford, 88 Miss. 633, 41 So. 369, 117 Am. St. Rep. 758, 9 Ann. Cas. 1, the court overruled the case of Pounds v. Clarke, 70 Miss. 263, 14 So. 22. In a syllabus of this case it is said: "Where a husband alone executed a writing evidencing an equitable mortgage on lands and the mortgagee, charging that the lands were not a homestead, sought and obtained a decree enforcing the lien without making the wife a party to his suit, the husband and wife may enjoin its execution by showing that . . . the land was their homestead, and that they were living together thereon when the writing was executed." In its opinion the court said: "The case of Pounds v. Clarke, 70 Miss. 263, 14 So. 22, announces a wholly unsound proposition, and it is hereby overruled. Whatever name may be given to the wife's interest in the homestead, whether it be called an estate, or an interest, or a claim, or a right, or a veto power merely, it is such an interest or right as the statute requires to be conveyed by a deed, and a deed to the homestead without the wife joining in the conveyance has been correctly held, in the case of G. & S. I. R. R. Co. v. Singleterry, 78 Miss. 772, 29 So. 754, to be an absolute nullity. And it was further held in that case that the husband himself was not concluded, as to his own interest even, from bringing the action of trespass to recover damages from the railroad company for laying its right of way over the land to which the husband had executed a conveyance without the joinder of the wife; the land being homestead property . . . 'The homestead belongs, as it were, to the family. It is for the benefit of the family—parents and children. As to its conveyance, the law contemplates that there shall be a concurrence of both minds, of the two heads, so to speak, before the dwelling place of the family shall be incumbered, or the rights of either one be divested or affected. It is seen, therefore, that the will of the wife is in theory as supreme as that of the husband.' "

It will be seen from these quotations that the wife has an interest in the homestead which entitles her to maintain an action or proceeding in court to protect that right. The case having overruled the Pounds v. Clarke Case, 70 Miss. 263, 14 So. 22, supra, and the case of Scott v. Scott, being predicated upon the law announced in the Pounds Case—that conception of the law being the basis for the holding in Scott v. Scott—the overruling of the Pounds Case necessarily, and by implication, overruled the case of Scott v. Scott. Therefore the wife has some kind of an interest in, although no title to, the land. She has a right to live upon the land and to occupy it so long as it remains a homestead and so long as she has not forfeited her rights as a wife.

In Young v. Ashley, 123 Miss. 693, 86 So. 458, it was held in syllabus No. 1: ''The wife has a right in the homestead of her husband which equity will protect; and she is a proper party to a suit to protect the homestead rights against invasion or intrusion by those claiming right under an instrument signed by the husband alone.''

Under these authorities the wife has such an interest in the homestead as the court of equity will protect, and, being entitled to relief in the court of equity to protect her rights in reference thereto, the general grounds of demurrer were properly overruled by the court below. We have held in numerous cases that this court will not decide here what the chancellor did not decide below, or questions which he did not rule upon. Miller v. White (Miss.), 133 So. 144, this day decided, and authorities cited therein. Gwin v. Fountain, 132 So. 559, on suggestion of error, and cases therein cited.

Under the authorities above quoted from in Judge Griffith's work on Chancery Practice, it is not necessary now or proper to rule on the special grounds of demurrer. It is undoubted, however, that the whole trouble presented by the special grounds of demurrer, in so far as

the joining of the husband as a party is concerned, could be eliminated by the wife bringing suit as next friend on behalf of her husband, if he is still insane, although adjudged to be insane and committed to an insane institution by a judgment of a competent court, as no guardian has been appointed, or, if he has recovered and will not join, then by making him a defendant. An action on behalf of an insane person where no guardian has been appointed may be brought on his behalf by a next friend or prochein ami. Klaus v. State, 54 Miss. 644; Gillespie v. Hauenstein, 72 Miss. 838, 17 So. 602; Finney v. Speed, 71 Miss. 32, 14 So. 465; Bull v. Dagenhard, 55 Miss. 602.

The judgment of the court below will therefore be affirmed, and the cause remanded.

Affirmed and remanded.