Harrell v. Miller.

JAMES W. HARRELL v. MICHAEL MILLER.

STATUTE OF FRAUDS: SALE OF GROWING TREES VOID UNLESS IN WRITING.—The term land, embraces not only the soil, but its natural produce, growing upon and affixed to it.   Such things are a part and parcel of the realty, and pass by a grant of the land; and hence, a sale of growing timber is within the first section of the Statute of Frauds, and void unless in writing.   See Shep. Touch. 91; 4 Bl. Com. 232; 2 Ib. 122; 10 Adolph. & Ellis, 753; 2 Brod. & Bing. 99; 6 East, 602; 1 Denio, 550; 1 Barb. 542; 6 N. H. 630; 1 Y. & J. 396; 5 Barb. 364.

ERROR to the Circuit Court of Chickasaw county.   Hon. F. M. Rogers, judge.

*C. B. Baldwin*, for plaintiff in error.

*Harrisson* and *Thornton*, for defendant in error.

HANDY, J., delivered the opinion of the court.

This action was brought by the plaintiff in error, under the statute, to recover the penalty for cutting down and destroying a number of trees upon the land of the plaintiff.

The defendant pleaded the general issue; and, upon the trial, it was proved in behalf of the plaintiff, that since the 15th day of August, 1848, the defendant had cut down upon a certain described tract of land, a certain number of pine trees. He also produced and proved, a bond executed by William G. Andrews, dated 15th August, 1848, conditioned to convey to the plaintiff the tract of land above referred to, with the appurtenances thereto belonging, upon the plaintiff's paying the sum of one thousand dollars, according to certain promissory notes executed therefor. He also proved, that the plaintiff had informed the defendant, before the cutting of the trees, that he had purchased the land, and would hold him accountable for any timber he might cut down; that Andrews had told the defendant that he had sold the land to the plaintiff, and had not reserved the trees, but would furnish the defendant other trees for them.

The defendant then offered to prove a parol contract between Andrews and the defendant, in the spring of 1848, by which Andrews sold to the defendant, for a valuable consideration, all the pine timber on the land; to the introduction of which the plaintiff objected, but the objection was overruled, and the testimony permitted to go to the jury, the plaintiff excepting.

The plaintiff then proved, that the parol contract between the defendant and Andrews referred to, was, that the defendant should have the pine timber on the land in the event that Andrews did not sell the land, but that he sold the same to plaintiff before the timber was cut by the defendant, and of which he had notice. This being all the evidence, the verdict was for the defendant, and the plaintiff moved for a new trial. 1st. Because the verdict was contrary to law and evidence. 2d. Because of the improper admission of the evidence for the defendant; which motion the court overruled, and the plaintiff excepted.

1. The question presented, upon the objection to the admission of the evidence offered by the defendant, is, whether an agreement for the sale of growing trees, to be cut by the vendee and removed,

is a contract for the sale of lands, tenements, and hereditaments, within the first section of our Statute of Frauds, and void, unless in writing.

Upon this question, there is much diversity of opinion, both in the decisions in England and in this country. Several of these decisions, from highly respectable sources, hold growing trees to be mere chattels, and that contracts for the sale of them are not within the statute. But many other cases hold them to be parcel of the land, and within the statute; and this opinion appears to be more in accordance with principle, and established legal distinctions.

The term *land,* embraces not only the soil, but its *natural produce* growing upon and affixed to it. Such things, being the natural product of the land, are part and parcel of it, and, therefore pass by a grant of the land. Shep. Touchs. 91. Being naturally affixed to it, they are not distinguishable from it, until actually severed. *Jones* v. *Flint,* 10 Adolph. and Ellis, 753. Hence growing trees were not the subject of larceny at common law (4 Bl. Comm. 232), and they descend to the heir, and do not go to the executor; and even the tenant for life has no right to cut them down. 2 Bl. Comm. 122.

When the statute speaks of "*lands, tenements, and hereditaments,*" it must be understood to refer to them, in such sense as the terms imported at common law; and, according to the principles above stated, growing trees must be considered as pertaining to the soil, and embraced by the terms of the statute.

This view has been sanctioned by many well-considered cases. *Teal* v. *Auty,* 2 Brod. & Bring. 99; *Crosby* v. *Wadsworth,* 6 East, 602; *Jones* v. *Flint,* 10 Adolph. & Ellis, 753; *Green* v. *Armstrong,* 1 Denio, 550; *Bank of Lansingburg* v. *Crary,* 1 Barb. 542; *Putney* v. *Day,* 6 New Hamp. 630; *Scorell* v. *Boxall,* 1 Y. & J. 396; *Pierrepont* v. *Barnard,* 5 Barb. 364.

It appears also to be in accordance with the reason of the statute. An agreement for the sale of timber growing on the land, giving to the vendee the right to enter upon the land and cut the timber, appears to come fully within the mischief intended to be prevented by the statute. Such an agreement would be liable to the same uncertainty, and the consequent danger of perjury

contemplated by the statute; and it would enable the owner of the land to commit a fraud upon subsequent purchasers; by charging the land under secret agreements, which such purchasers would have no means of ascertaining, and which might greatly diminish its value; and afterwards convey it to such purchasers. If such an agreement were valid as to subsequent purchasers, no one could purchase timber lands, with any certainty that he would acquire a title to the premises with the appurtenances attached to them at the time of the purchase.

We are therefore of opinion, that the agreement offered in evidence by the defendant, was within the statute, and that the court erred in admitting it.

2. But, if the agreement had been valid, it is clear, from the evidence, that the sale of the timber was made upon condition that the vendor should not sell the land. No time is specified within which the sale was to be made; but it appears that, within a few months after the agreement with the defendant, Andrews sold the land to the plaintiff before the timber was cut; and of this, that the defendant had notice. It is therefore plain, that, by the terms of the agreement, the defendant's right to cut the timber ceased when the sale to the plaintiff was made; and that the plaintiff was entitled to recover for all the timber cut by the defendant, after he had notice of the sale of the land to the plaintiff. And, upon this ground, the verdict should have been set aside and a new trial granted.

The judgment must be reversed, and the cause remanded for a new trial.