A. B. NELSON *v.* A. J. LAWSON ET AL.

STATUTE OF FRAUDS.   *Growing timber.   Verbal sale.   Executed contract.*

> A verbal contract for the sale of growing timber, though valid as to trees cut and paid for in execution of the contract, is void as to trees standing on the land, though all the purchase-money is paid, and if these are removed over the owner's objection, he may maintain replevin for the timber into which they are converted.   *Harrell* v. *Miller*, 35 Miss., 700.

FROM the circuit court of Tunica county.

HON. R. W. WILLIAMSON, Judge.

Appellant, A. B. Nelson, was the owner of certain land, and made a verbal sale to Nelson & Perry of oak timber growing thereon.   The agreed price was one hundred dollars, but there is a conflict in the evidence as to whether the sale included all the oak timber on the land.   After cutting and removing about forty thousand feet of the timber, and paying the sum of one hundred dollars, Nelson & Perry verbally sold to A. J. Lawson the rest of the growing timber, and received payment therefor.   Lawson proceeded, over the protest of Nelson, to cut the timber still standing on the land, and converted it into staves and cross-ties.

This action of replevin was thereupon brought by Nelson to recover the ties and staves from Lawson and one Lesser, in whose possession the staves and ties were found.   The questions presented sufficiently appear in the opinion.   Judgment for defendants, and plaintiff appeals.

*W. A. Percy,* for appellant.

Unless there is some element of intentional wrong or fraud, the legal title of the plaintiff cannot be divested by equitable estoppel.   *Kelly* v. *Wagner*, 61 Miss., 299.   Besides, the defense of an equitable estoppel is not available in this action.

As there was no deed to the growing timber, the sale was

void. *Harrell* v. *Miller*, 35 Miss., 700; *Kingsley* v. *Holbrook*, 86 Am. Dec., 173.

*Lowe & Cochran*, for appellees.

We admit that a verbal sale of standing timber is void, but the rule has no application here, because the contract was fully executed before suit was brought. Appellant had received full payment for his timber, and Lawson, the vendee of Nelson & Perry, had converted the same into cross-ties and staves and hauled them off the land. See Bish. on Con., §§ 147, 502; Wait's Ac. & Def., 48; *Swanzey* v. *Moore*, 74 Am. Dec., 134; *McCue* v. *Smith*, 86 *Ib.*, 100.

The doctrine of estoppel applies in this case. See 6 Wait's Ac. & Def., 704; 10 Am. Dec., 426; 91 *Ib.*, 214; *Lee* v. *Gardiner*, 26 Miss., 521; *Kempe* v. *Pintard*, 32 *Ib.*, 324; *Wilie* v. *Brooks*, 45 *Ib.*, 542.

CAMPBELL, C. J., delivered the opinion of the court.

The doctrine that the invalidity of a contract under the statute of frauds cannot avail after the execution of the contract has no place in this case. Even according to the version of the contract between Nelson and Nelson & Perry, given by the latter, it had been executed only to the extent of cutting what trees they wanted, and removing and paying for them, and the right they could convey by a sale of trees standing on the land and not felled when they paid Nelson, depended on what right they had by their verbal contract for the trees. It is conceded to be law that, if the contract was executory, it conferred no right, because not in writing. *Harrell* v. *Miller*, 35 Miss., 700.

That it was not executed as to trees standing on the land when Nelson was paid is clear, and they could not assign a greater right than they had by their void contract for the growing trees. Even if they paid for all, as they contend, they got no right to them further than the contract was fully executed. It was not executed as to any trees not felled by them.

*Reversed and remanded for a new trial.*