RICHARD T. SCHEROK v. JOSEPH L. MOYSE.

[48 South. 513.]

STATUTE OF FRAUDS. *Code* 1906, § 4775(c). *Option to buy land. Sufficiency of memorandum. Parol evidence. Loss of profits. Recovery.*

A writing, simply reciting that for a money consideration the defendant gave plaintiff a limited time within which to purchase from him a designated number of acres of timbered lands, lving in two specified counties of the state, at a named price per acre, is: —

(*a*) Insufficient under the statute of frauds; and

(*b*) Parol evidence is inadmissible to supplement its deficiencies; and

(*c*) Plaintiff cannot recover, under a declaration which fails to contain the necessary averments of a declaration in a common-law action for fraud and deceit, a loss of profits which he would have made by a resale of the lands but for defendant's breach of the supposed contract.

FROM the circuit court of Pike county.

HON. MOYSE H. WILKINSON, Judge.

Schreck, appellant, was plaintiff in the court below, and Moyse, appellee, was defendant there. From a judgment sustaining defendant's demurrer to the declaration, plaintiff appealed to the supreme court.

The opinion of the court states the facts as of the case as made by the declaration.

*P. Z. Jones* and *J. W. Cassedy,* for appellant.

Whether or not the contract be regarded as within the statute of frauds, the plaintiff is entitled to recover the $50 paid by him for the option, the expenses, incurred and damages resulting from loss of time in getting up estimates and securing prospective purchasers. Although the contract to sell was parol, plaintiff was entitled to recover these items. *Welch v. Lawrence,* 32 Miss. 170; *Cain v. Kelly,* 57 Miss. 830; *Yerger v. Knight,* 34 South. 1029.

The declaration avers appellee's knowledge that it was appellant's purpose to resell the property; and, this being the case, and appellee having received $50 in cash from appellant, and knowing further that appellant would incur great expense and loss of time, it must follow that the declaration states a cause of action against appellee, for fraud and deceit.

There is a wide distinction between that class of cases wherein the decisions were based upon an application for specific performance, and that class of cases instituted to recover damages for breach of contract. The authorities with reference to the description necessary in contracts involving land are divided into three classes: First, those with reference to conveyances; second, with reference to agreements to convey; and, third, those with reference to options. In determining the description necessary to support each contract the court will find that a greater certainty is demanded for conveyances than for agreements to convey; and greater certainty is required for agreements to convey than for options.

We recognize the fact that if this suit had been brought to en-

force specific performance, an entirely different question would have been presented, and the objection would possibly have been well taken on the ground of want of description. In this case Moyse was not by law prohibited from entering into a contract binding himself to convey twenty-two thousand acres of timber lands in Franklin and Jefferson counties for $12.50 per acre. Nor was there anything illegal in Scherck's paying the sum of $50 to Moyse to bind Moyse. The agreement is not open to the criticism of want of description, because an accurate and absolute description is not given in the written option.

The appellee has put himself in the attitude of entering into a contract whereunder he received $50 and whereby he contracted to convey to appellant within fifteen days a certain quantity of timber lands, agreeing also to furnish a man to show the property; yet with such benefits, he persists in claiming the right, while retaining such money and benefits, to refuse to convey the land or to point out the property or to do anything else incumbent upon him under the terms of the option.

The contract evidenced by the option is not void under the statute of frauds. In order properly to construe the contract, the court must consider the positions of the parties at the time when they made their agreement. By so doing it will appear that the appellee claimed to have a large quantity of timber lands in the two counties named and that he would convey to Scherck, on Scherck's acceptance of the terms within fifteen days, the timber lands at twelve dollars and fifty cents per acre. The allegation that Moyse should furnish a man to locate the lands is a sufficient predicate for the introduction of parol and extrinsic evidence to identify and describe the property which the parties had in mind. All of the authorities agree upon the proposition that where there is some reference in the contract whereby extrinsic matters are referred to and that by following such extrinsic evidence the property may be definitely ascertained and located, then in such event the contract is sufficient to meet the statute of frauds.

Brief for appellee.

*W. A. Parsons,* for appellee.

The declaration does not charge that appellee practiced any fraud upon appellant, nor that he made any false representations either wilful or not, nor that such false representations had anything to do with the appellant's making the alleged contract. In fact, the declaration fails to set forth any of the elements of an action for deceit. *Cain v. Kelly,* 57 Miss. 830; *Sims v. Eiland,* 57 Miss. 607; *Vincent v. Corbett,* 47 South. 641.

In an action for deceit the plaintiff's declaration must clearly and distinctly allege all of the essential elements of actionable fraud. *Williams v. McFadden,* 23 Fla. 143, 11 Am. St. Rep. 345; *Talbert v. Caledonian Insurance Co.,* 101 Ga. 741; 8 Ency. Pl. & Pr. 899; *Pforheimer v. Selkirk,* 71 Mich. 600; *Parker v. Anderson,* 55 Mich. 176; *Ida v. Gray,* 11 Vt. 615; *Griswold v. Goebel,* 126 Penn. 353.

The declaration does not aver that plaintiff relied upon any false statement of the defendant in regard to the property, its situation, value, title or conditions. There is no allegation of fraudulent concealment of defects of any kind. The demurrer was properly sustained.

The language of the option does not satisfy the requirements of the statute of frauds. *Grafton v. Cummings,* 99 U. S. 100; *Breckinridge v. Crocker,* 78 Cal. 528; *Wood v. Davis,* 32 Ill. 311; *Cossitt v. Hobbes,* 56 Ill. 231; *McConnell v. Brillhart,* 17 Ill. 354; *Taney v. Bachtell,* 9 Gill (Md.), 205.

Parol testimony cannot be resorted to by appellant in order to explain the deficiencies of the option. A contract cannot rest partly in writing and partly in parol. The matter is different from a case where parol evidence is admitted to explain the terms of the contract. *Well v. Willard,* 55 Mo. App. 376.

FLETCHER, J., delivered the opinion of the court.

This is an action to charge the appellee upon the following writing:

"In consideration of $50 I hereby give R. T. Scherck a

fifteen-day option on 22,000 acres of timber land in Franklin and Jefferson counties, Mississippi, at $12.50 per acre.

"9–23–07.                         [Signed]    J. L. MOYSE.
"Attest:   S. D. Wilkinson.

"We will furnish a man to show parties the property.
                                 "[Signed]    J. L. MOYSE.
"Attest:   S. D. Wilkinson."

The declaration contains three counts, and states substantially that this option was given by appellee, and that it was understood verbally between the parties that certain named tracts of land were referred to, one lying in Franklin and the other in Jefferson counties; that appellant paid $50 for the option, and expended considerable sums in having the lands examined and the timber estimated; that he had secured a purchaser, who would buy the lands at an advance of $1.50 an acre over the purchase price; that appellee did not own the lands at the time the option contract was signed, and had either failed or refused to secure the same; that there was a failure to deliver the lands, although the purchase money had been tendered; and that by losing the opportunity to make a re-sale appellant had been damaged to the extent of $33,000; this being at the rate of $1.50 per acre on 22,000 acres.   To this declaration a demurrer was interposed, and sustained, on the ground that the option memorandum is void under the statute of frauds, since there is no sort of description of the property.

It is obvious that the memorandum does not satisfy the statute, and equally obvious that parol testimony cannot be resorted to in order to supplement the deficiencies in the written memorandum.   Indeed, appellant practically concedes that specific performance of the contract could not be enforced; but it is claimed that it may form the basis of a suit for damages. We may dispose of this contention by saying that the only damages sought to be here recovered are the profits on a resale, and that these are not recoverable, except in a common-law action for fraud and deceit.   The declaration in this case was man-

ifestly not drawn on that theory, since there is utterly lacking every averment essential to such an action. The rules both of pleading .and evidence governing this class of actions have lately been reviewed by this count in the case of *Vincent v. Corbitt, ante* 46, 47 South. 641, and need not be here repeated. The suit is clearly not such an action.

*Affirmed.*