QUEEN CITY HOOP CO. *v.* BARNETT *et al.*

[89 South. 819. No. 22027.]

1. FRAUDS, STATUTE OF. *Contract for purchase of standing timber
within statute.*

Standing timber is real estate, and therefore a contract for the
purchase of standing timber is within the statute of frauds
(section 4775, Code of 1906; section 3119, Hemingway's Code),
which provides, among other things, that no action should
be brought whereby to charge a defendant upon any contract
for the sale of lands, unless the contract be in writing and
signed by the party sought to be charged, or by some per-
son by him thereunto lawfully authorized.

2. FRAUDS, STATUTE OF. *Contract for sale of standing timber must de-
scribe subject-matter directly or by reference; direct evidence
of intention as to timber to be sold held inadmissible.*

A contract for the conveyance of standing timber must define the
identity and fix the locality of the subject-matter of the contract,
either by complete description in the writing itself pointing out
directly the subject-matter, or by reference to something *aliunde*
the writing pointing with certainty to the property intended
to be conveyed; and if reference is made to anything outside
of the writing in aid of the description of the property, such
reference must not be uncertain and doubtful; direct evidence
of intention as contradistinguished from evidence to show the
intent expressed in the writing is inadmissible.

3. FRAUDS, STATUTE OF.    *Contract for purchase of standing timber held insufficient to identify subject-matter.*

A written contract for the purchase of standing timber, in which the timber is described as "this timber tract of yours;" "our elm and hackberry timber;" "the timber you own at Lorenzen;" "the elm stumpage we made arrangements to purchase from you located at Lorenzen, Mississippi;" "the timber we bought from you at Lorenzen;" and "in regard to the elm proposition we were figuring on at Lorenzen, Mississippi, we managed to dispose of our whole tract, shrub, including all elm and other timber"—is so indefinite as to be void under the requirements of the statute of frauds, because the contract not only fails to identify the timber, the subject-matter of the contract of sale, but fails to refer to any matter *aliunde* the contract by which the description in the contract could be applied with any degree of certainty by parol testimony.

APPEAL from circuit court of Sunflower county.

HON. S. F. DAVIS, Judge.

Action by the Queen City Hoop Company against Milton Barnett and others. Judgment of dismissal on demurrer, and plaintiff appeals. Affirmed.

This is a suit by the appellant, Queen City Hoop Company, against the appellees, Cohn Bros. & Barnett, a partnership, for damages for the breach of an alleged contract of purchase by the appellant from the appellees of stumpage or standing timber. Appellees interposed a demurrer to the declaration, which was sustained by the court below on the ground that the alleged contract for the purchase of the timber in question was insufficient and void under the statute of frauds. The appellant having declined leave granted to amend its declaration, final judgment was entered dismissing the suit, from which appellant prosecutes this appeal.

The averments of the declaration setting out the contract, which is the basis of the suit, and the breach thereof, are contained in the second paragraph of the declaration, which is in this language:

"For that heretofore, to wit, on March 31, 1920, said defendants by and through Milton Barnett, one of the part-.

ners of said firm, agreed and contracted to sell to plaintiff, all of the elm and hackberry timber then on the land of defendants at or near Lorenzen, Miss., at and for the sum of three thousand dollars which said timber had been agreed upon by all parties and was known to them; said agreement being made in writing in a letter from the defendants to the plaintiff sent in the usual course of mail, a copy of said letter being hereto attached, marked Exhibit 1. Said letter was an acceptance of an offer made by the plaintiff through P. W. Hick, the president and manager of said company, following verbal conversations looking to the purchase of said timber, the said offer being made on March 16, 1920, copy being hereto attached and marked Exhibit 2, and prayed to be considered a part hereof. Thereafter, on April 3, 1920, by letter from the plaintiff, a copy being filed herewith marked Exhibit 3, the contract was finally closed and demand made for description of the property in order to prepare instruments covering the same, which demand was repeated on May 17, in a letter from plaintiff, copy thereof being marked Exhibit 4 and filed herewith as a part hereof. This request being repeated on May 19, 1920, in a latter from the plaintiff, copy of which is marked Exhibit 5, and filed herewith. The final refusal of the defendants to comply with that contract being in a letter from them to Milton Barnett dated May 20th, a copy whereof is hereto attached, marked Exhibit 6, and prayed to be considered a part hereof."

It will be seen from the declaration that appellant claims to have purchased from the appellees "all of the elm and hackberry timber then on the land of defendants (appellees) at or near Lorenzen, Miss." The alleged contract is embodied alone in the correspondence between the appellant and appellees consisting of six letters, two of which were written by the appellees and four by the appellant: These letters were made exhibits to the declaration, and are in the following language:

"Lorenzen, Miss., March 31, 1920.
"Queen City Hoop Co., Greenville, Miss.—Gents: Sorry did not get to see you yesterday, in regard to our elm and hackberry timber. We agree to let you have some for three thousand dollars give you to Jan. 1, 1921, also a road agreeable and reasonable camping ground, to us, you to pay three thousand dollars as soon as contract signed. You can have contract fixed up, mail same to us at Indianola.

"Yours truly, Cohn Bros. & Barnett,
"[Signed]      M. BARNETT."

"March 16, 1920.
"Mr. Milton Barnett, Indianola, Miss.—Dear Sir: Our Mr. Shepherd and the writer were at Lorenzen yesterday, March 15th, and tried to go over this timber tract of yours, but same was practically impossible, although your Mr. McMahon was very kind and furnished us with two saddle horses and a darkey.

At the present time, the larger part of this tract is under from one to two feet of water, and it will be impossible to log same for at least sixty to ninety days. Therefore, we are pleased to make the following offer for this timber:

"We will pay you your price three thousand dollars for all the merchantable timber in this tract. We to have until January 1, 1921, in which time to remove same, you to furnish us free ingress and egress to and from this timber and allow us to make our camp on your land close to timber.

"The writer will be away until Friday, March 19th, and will be pleased to see you at any time after that date.

"Yours very truly, Queen City Hoop Co., Inc.,
"Hick.jeh                    Pres. & Mgr."

"April 30, 1920.
"Cohn Bros. & Barnett, Indianola, Miss.—Gentlemen: Your letter of March 31st. Before we can write up a contract and deed to the timber you own at Lorenzen, you will have to furnish us with section numbers, range, township, in fact, give definite location of this timber. Upon re-

ceipt of which we will mail you contract for your signatures.

"Yours truly, Queen City Hoop Co., Inc.,
"Hick.jeh                                              Pres. & Mgr."

"May 17, 1920.

"Mr. Milton Barnett, Indianola, Miss.—Dear Sir: Some time ago we wrote you asking you to send us descriptions and location of the elm stumpage we made arrangements to purchase from you, located at Lorenzen, Mississippi, all we require is section No., range, township and county, upon receipt of which we make out the papers, sending on to you for your signatures. Upon receipt of the above papers properly signed, we will send you check for three thousand dollars as per our agreement.

"Thanking you for prompt reply,

"Yours truly, Queen City Hoop Co., Inc.,
"Hick.jeh                                              Pres. & Mgr."

May 19, 1920.

"Mr. Milton Barnett, Indianola, Miss.—Dear Sir: We expect to be through logging at Wayside some time next week and expect to commence cutting the timber we bought of you at Lorenzen not later than June 1st, therefore wish you would either call at our office or mail us description of this property so we can send you check for same.

"Awaiting your immediate reply.

"Yours truly, Queen City Hoop Co., Inc.,
"Hick.jeh                                              Pres. & Mgr."

"Queen City Hoop Co., Greenville, Miss.—Gentlemen: In regard to the elm proposition we were figuring on at Lorenzen, Miss. We managed to dispose of our whole tract, shrubs including all elm and other timber. Regret, therefore that we will be unable to close this deal with you. However, in the near future we may have another tract that will interest you.

Yours truly,      COHN BROS. & BARNETT,
"[Signed]      M. BARNETT."

*Percy Bell,* for appellant.

Is the description insufficient under the statute of frauds? In some states a sale of timber to be cut is regarded as a sale of personal property and a contract therefor does not fall under the statute of frauds. This is not the case in Mississippi where growing timber is held to be a part of the realty and a contract therefor, is well within the statute.

We can find cases in Mississippi in which land described purely as to ownership has been held to be insufficiently described. We also find authorities that land described by location alone is insufficiently described and we suppose the learned court below was led astray by these cases. It will be noted, however, that neither of them applies to the case at bar in which the land is described not only by location but by ownership. We find no case of this kind in the Mississippi authorities, but do find it in other authorities and wish to cite them for the benefit of the court.

In 25 R. C. L., page 653, paragraph 285, we find the following: "The rule upholding the sufficiency of the description where it may be fitted by extrinsic evidence to a particular lot or tract of land has been applied where the land was described as all of or a certain interest in all of the land owned by the vendor."

In *Moayon* v. *Moayon,* 102 A. S. R. 303, the court holds that a contract by a person to convey one-third of his estate acquired under a will or otherwise acquired or owned by him is good under the statute, the idea being that the property is easily identified. There was this sustention of a description merely by words of ownership. In the same authority, we find that the description has been upheld as to a tract of land located at a certain place.

In the case of *Hodges* v. *Kowing,* 71 L. R. A. 87 ,cited in the note, the land was described in terms of ownership as well as locality which is the case here.

In the next case cited in the notes *Colerick* v. *Hooper,* 56 Am. Dec. 505, the land was described by location and possession as in the case at bar.

In the next case *Bates* v. *Harris,* 36 L. R. A. (N. S.) page 154, the land is described by possession and acreage, the court holding, we think properly, that parol testimony could be introduced to show that the vendor owned but one tract in the place mentioned containing the acreage speci- fied. We refer the court to the opinion in this case and the note as being thorough and illuminative. Wood, Stat. Fr. sec. 353; *Mead* v. *Parker,* 115 Mass. 413, 15 Am. Rep. 110; *Hyden* v. *Perkins,* 119 Ky. 188, 83 S. W. 128.

In the next case cited, *Bogard* v. *Barhan,* 132 A. S. R. 676, the farm conveyed is described as possession, as "my fifteen acre farm located one mile north of Woodburn, in Marion County, Oregon."

In the case at bar, in letter one, defendants refer to "our timber." In the letter number two, plaintiffs state that they were at Lorenzen and refer to "your timber tract." In letter number three, plaintiffs referred to the timber you own at Lorenzen, and in letters numbers four and five it is again located, while in letter number six, the defendants refer to our whole tract and locate it at Lorenzen. Surely this falls within the case cited.

In the last case cited in the note, *Peay* v. *Seigler,* 59 A. S. R. 713, the court held that whenever the writings relied upon showed that both parties referred to the same proper- ty, parol evidence is admissible for the purpose of designat- ing the particular place both had reference to and that if it is described as the land of the vendor at L.. parol evidence is admissible to prove what land he had and if he had but one parcel, that must have been the one referred to by both parties.

In the note at page 1127, L. R. A. 1916C, there are num- erous authorities supporting the position taken in this brief that a description by location and possession is sufficient. Under the statute of fraud it warrants the court in admit- ting parol testimony thereon to make the description more

certain.  In this note it cites one Mississippi case as not being in line with the general doctrine, namely *Barnett* v. *Nichols,* 56 Miss. 622.  In this case, however, it will be observed that the description was referred to by possession and extent and not by location, the court pointing out the fact that there was no location and in this same note it states that the majority of the cases have laid down the rule that a contract describing land merely by acreage and general locality is not sufficient, citing *Scherck* v. *Moyse,* 94 Miss. 259, 48 So. 513.

We have no quarrel with this position in this last-named case.  The description was by acreage and general location but in the instant case the description is by possession and specific location.

The same distinction will be found borne out in the authorities cited under section 3 (1) title Logs and Logging, Vol. 14, sec. Decennial Digest, and Vol. 12, Decennial Digest, same title, section three (10).  We direct the attention to the following:  "A contract for sale of all of the timber on our lands situated in the southern part of Jasper county, Texas," even if one for sale of an interest in real estate, is not void for want of sufficient description of the property; it being averred that the vendors "owned five certain timber tracts in the extreme southern part of the county and owned no other lands within twenty-five or thirty miles of its southern line." *Hughes* v. *Adams,* 119 S. W. 134, 55 Tex. Civ. App. 197.

"A written contract for the sale of the timber on our lands in the southern part of a specified county is not necessarily void for uncertainty of description, if it covers all the land of the vendors in the locality named; but where it is shown by parol that they owned other land in that locality, which concededly was not covered by the contract the contract is void for uncertainty."

"Where a contract authorized plaintiff to cut and remove timber from land belonging to S. 'On Sinking Creek and Big and Little South Fork Rivers in Wayne County, Ky.,' the lands were described with sufficient definiteness to des-

ignate the subject of the contract. *Strubble* v. *Lewis,* 76 S. W. 150, 25 Ky. Law Rep. 605.

"A description of land in a letter as a half section lying contiguous to yours, is sufficient when accompanied by proof that the land in question was the only land owned by defendant contiguous to that of witness." *McConnell* v. *Brillhart,* 17 Ill. (7 Peck.) 354, 65 Am. Dec. 661.

"A memorandum reciting the sale of above five acres of land, more or less being the same, if bought of the purchaser sufficiently identified the land,." *Atwood* v. *Cobb,* 33 Mass. (16 Peck.) 227, 26 Am. Dec. 657.

"Correspondence of the parties shown by two letters and evidence that defendant owned no other land in the township where the land was located, held sufficient to satisfy Rev. Laws, ch. 74, secs. 1 and 2, holding that a contract for the sale of land must be shown by a memorandum in writing." *Harvey* v. *Bross,* 104 N. E. 350, 216 Mass. 57.

"A contract for an exchange of land describing plaintiff's land as 'My farm of one hundred and sixty acres in Lynn county, Tenn.,' contained a sufficiently definite description to satisfy the statute of frauds." *Wilcox* v. *Sonka,* 119 S. W. 445, 137 Mo. App. 54.

"A description in a contract of sale of two hundred and sixty-three acres, a specified distance Northeast of M., coupled with recitals of an incumbrance of eight thousand, one hundred and forty dollars, that it had been inspected by the party, and that the vendors should have possession to January 1st, was sufficient within the statute of frauds." *Porter* v. *Memphis Land and Commission Company,* 159 S. W. 497.

"A contract to sell a place consisting of four lots in a certain town, in appearing that vendor owned only one place in that town which consisted of four lots, describes the property which sufficient certainty to comply with the statute of frauds." *Baaton* v. *Fussel,* 166 S. W. 458.

"A description of premises to be exchanged as his five-acre residence property lying west of the Catholic Church,

is sufficient to answer the requirements of the statute of frauds." *Bogard* v. *Barhan,* 96 Pac. 673, 52 Or. 121, 132 Am. St. Rep. 676.

This distinction seems to run through all the cases and is found under title, statute of frauds, sections 228 and 234 of 23 Century Digest, section 110, 9th Decennial Digest, same title, and Vol. 11, Second Decennial Digest.

### Conclusion

We submit that under the authorities cited the demurrer should have been overruled and the defendants directed to plead that this case should be reversed and remanded.

*Chapman & Johnson,* for appellees.

The contract sued on is a contract for the sale of standing timber. A contract for the sale of standing timber, to be cut and removed by the vendee, is void, unless in writing it being a contract for the sale of lands, tenements and hereditaments. *Harrell* v. *Miller,* 35 Miss. 700, 72 Am. Dec. 154; *McKenzie* v. *Shows,* 70 Miss. 389, 12 So. 336; *Nelson* v. *Lawson,* 71 Miss. 819, 15 So. 798; *Walton* v. *Lowery,* 74 Miss. 484, 21 So. 243; *Butterfield Lumber Co.* v. *Guy,* 92 Miss. 361, 373, 46 So. 78; Mississippi Code of 1906, section 4775 (c).

Even though the contract here sued on was not a contract for the sale of standing timber, but for the sale of logs, as in *Turner* v. *Planters Lumber Company,* 92 Miss. 767, 46 So. 399, the result reached would be the same, because the price is more than fifty dollars; no part of the purchase money was paid, no part of the property delivered, and no sufficient note or memorandum in writing of the bargain signed by the defendants. But it is not contended by appellants that this is a sale of personal property; on the other hand, it is conceded that it is a sale of growing trees.

The alleged contract for the sale of the timber does not define its identity or fix its locality, either by a description in the letters, or by reference to something outside of the letters which indicates the property, but the letter of the defendants, which the declaration avers to form the basis of the contract, refers to "our elm and hackberry timber,"

giving no further description; the letters of the plaintiff refer to "this timber tract of yours, the timber you own at Lorenzen, the elm stumpage we made arrangement to purchase from you and the timber we bought of you at Lorenzen;" in these letters of plaintiff, not only is the timber not properly described, but, as above stated, these letters are not referred to or adopted by the defendants as the repository of their contracts, or as a part of their contract and the letters signed by the defendants are not, by internal evidence, connected with the letters signed by the plaintiff.

In the case of *Allen* v. *Bennett,* 8 S. & M. 672, the writing relied on is as follows: "Received of Micajah Bennett one hundred dollars on account of an interest that I have let said Bennett have in a section of land, located in Range 8 East, Township 17, and section 17, Dec. 7, 1835.

                              "JOHN L. ALLEN."

The court say that the only written evidence that the complainant ever had any title is entirely indefinite as to the extent of his interest, and that parol evidence to explain or aid the instrument of writing was inadmissible under the statute of frauds.

In *Bowers* v. *Andrews,* 52 Miss. 596, the land was described as a lot and residence in Madison Station assessed to the reputed owner thereof, Thomas McMahon, for the year 1871. The description was held insufficient. The court says: "Every conveyance of land must define its identity or fix its locality. That may be done in two modes. The first is by so complete a description in the deed itself as points directly to the subject-matter; or, second, by referring to something *aliunde* the deed, which, when consulted indicates the property. If the contract is void by reason of the subject-matter, parol evidence is not admissible to supply the omission." *Wilkinson* v. *Davis's Adm'r,* Freem. Ch. 58. In a sense, it is true in every case, that parol testimony must carry the descriptive words of the deed and apply them to the land, yet these words must contain such

particularity in themselves as will guide to the premises, or they must point to some extrinsic fact by means of which the requisite certainty is obtained."

In the case of *Holmes* v. *Evans*, 48 Miss. 247, 12 Am. Rep. 372, the writing relied on to take the case out of the statute of frauds is as follows:

"New Orleans, June 25, 1870.

"Received from M. Holmes one hundred dollars as part payment on a piece of property on the corner of Main and Pearl streets, City of Natchez, County of Adams, state of Mississippi.

"ELIZA ADAMS."

The court held the writing insufficient because it did not locate the property or name the price; if the court cannot ascertain with reasonable certainty the terms of the agreement from the writing, or from some other paper to which it refers, the writing does not take the case out of the statute. The description could not be filled in by extrinsic evidence, for there was no foundation in the writing to place it upon. Among other things, the court say:

"There is, however, a class of cases where parol evidence may be resorted to, to show the locality of the land contracted to be sold. But, this can be done only where the memorandum refers to something extrinsic by which the land may be located and identified by means of 'parol evidence; as if a deed purports to convey a house and lot on which A now lives, it is clearly competent to show by parol evidence what property that description fitted at the time the language was used."

The court, in the case just cited, expressly reaffirmed the doctrine of the case of *McGuire* v. *Stevens*, 42 Miss. 724, 2 Am. Rep. 649. The writing in the McGuire case is as follows:

"Received of Mr. Patrick McGuire two thousand dollars, it being in part payment for a house and lot sold him by my brother C. M. Stevens, Jackson, Miss., Oct. 8, 1863.

"J. O. STEVENS.

" Received, Nov. 22, 1863, of Patrick McGuire, seven hundred dollars, as part payment on house and lot.

. "CHAS. M. STEVENS.

"Received of Pat. McGuire, July 22, 1864, three hundred and sixty dollars.

"CHAS. M. STEVENS.

"Balance due C. M. Stevens, four hundred and forty dollars.

"Received Aug. 14, 1864, of P. McGuire, one hundred and eight dollars.

"CHAS. M. STEVENS.

"Received, October 22, 1864, of P. McGuire, one hundred dollars, for Chas. M. Stevens.

"E. BENNETT."

The court held the writing insufficient because of the uncertainty of its subject-matter, stating that every agreement which is required to be in writing by the statute of frauds must be certain in itself or capable of being made so by reference to something else, whereby the terms can be ascertained with reasonable precision; that oral evidence is inadmissible for the purpose of supplying an omission in an instrument where written evidence is required by law; that the contract must furnish means of identifying with certainty the land to be conveyed; that every contract or deed for the conveyance of land must define its identity and fix its locality (quoting from *Wilkinson* v. *Davis' Adm'r*) or there must be such a description of the land as, by the aid of parol evidence, will readily point to its locality and boundaries; but that if the contract is void by reason of uncertainty in the description of the subject-matter, parol evidence is not admissible to supply the omission; that direct evidence of intention, as contra-distinguished from evidence to show the intent expressed by the words or language of an instrument is inadmissible that extrinsic evidence is admissible only to construe and apply the terms of the writing, and that:

"The rule in such cases confines the inquiry to the meaning of the words used; and hence all extrinsic evidence

tending to prove, not what the party has expressed, but what he intended to express, is obviously calculated to throw no light on the real matter of dispute." A demurrer to the bill in this case was sustained.

In *Fisher* v. *Kuhn*, 54 Miss. 480, the following memorandum was held insufficient:

"Biloxi, Aug. 10, 1874.

"Received of C. Fisher the sum of five hundred dollars, being on account on the price of the lot of ground formerly occupied by A. J. Ward.

"(Signed)    Joseph Kuhn."

The court say that if the writing itself does not identify the subject of the sale, or refer to something *dehors* itself, by referring to which certainty may be obtained, it cannot be enforced. And further:

"It is quite certain that Kuhn had in his mind a certain lot, and so had Fisher; although Ward may have occupied several lots before the date of the receipt. But, as stated in *McGuire* v. *Stevens,* 42 Miss. 724, 731 (2 Am. Rep. 649), direct evidence of intention, as contradistinguished from evidence to show the intent expressed by the words or language of an instrument, is inadmissible. The receipt does not point to a time or state, county, town, or city, to which we must look for the lot formerly occupied by Ward. A lot in Pascagoula, Bay of St. Louis, or Pas Christian, or in Harrison or Hancock County, would suit the words, if Ward had, at either of the places, formerly occupied a lot."

In *Scherck* v. *Moyse,* 4 Miss. 259, 48 So. 513, the land was described as twenty-two thousand acres of timber land in Franklin and Jefferson counties, Mississippi, and the declaration averred that it was understood verbally between the parties that certain named tracts of land were referred to, one lot in Franklin and one in Jefferson counties. A demurrer to the declaration was sustained on the ground that the memorandum is void under the statute of frauds, because the property was not sufficiently described.

In *Nickerson* v. *Fithian Land Company et al.,* 118 Miss. 722, 80 So. 1, it is held that in order to avoid the statute of frauds, the agreement in writing must be certain, or capable of being made certain by reference to something else, thereby the terms and the subject-matter of the agreement may be ascertained with reasonable precision.

In *Barnett* v. *Nichols,* 56 Miss. 622, 627, the land is described as "my land the entire tract, seven, hundred and twenty-eight acres" without other location or description, and the court held that the description was void because of a patent ambiguity, therein, and extrinsic evidence could not be admitted in aid of the description.

In *Bunckley* v. *Jones et al.,* 79 Miss. 1, 8, 29 So. 1000, the land conveyed was described in the deed as "all our right, title, claim and interest in the tract of land belonging to Ransom P. Buckley, deceased, situated in Franklin county, state of Mississippi." The court held that the description was defective, because of a patent ambiguity, and that it points to nothing that would authorize extrinsic evidence to make it more definite.

In *Willis* v. *Willis,* 53 So. 498, discussing this question, the court says: "In the case of *Waul* v. *Kirkman,* 27 Miss. 823, repeated in *Fisher* v. *Kuhn,* 54 Miss, 480, and *McGuire* v. *Stevens,* 42 Miss. 724, 2 Am. Rep. 649, it is held that the memorandum required by the statute to be signed by the party sought to be charged therewith, need not be the sole repository of all the terms of the contract; but, if it refers to and incorporates into it another writing, which clearly shows the contract, the memorandum is good. In the case of *Waul* v. *Kirkman,* 27. Miss. 823, which all of our decisions follow, it is stated: "The rule upon this point is well settled to be that the memorandum, in order to satisfy the statute, must contain the substantial terms of the contract, expressed with such certainty that they may be understood from the contract itself, or some other writing to which it refers, without resorting to parol evidence. *Boydel* v. *Drummond,* 11 East. 142; *Parkhurst* v. *Van Courtland,* 1 J. C. R. 280; L. Sug. Vend. (1 Am. Ed.) 89; *Blagden* v. *Bradbearm,* 12 Ves. 466. For otherwise all the danger of

perjury, intended to be guarded against by the statute would be let in, and when reference is made in the memorandum to another writing, it must be so clear as to prevent the possibility of one paper being substituted for another. See also, *Wilkinson* v. *Taylor Mfg. Co.,* 67 Miss. 231, 7 So. 356. This same rule is stated in the case of *Freeland* v. *Ritz,* 154 Mass. 257, 28 N. E. 226, 12 L. R. A. 561, 26 Am. St. Rep. 244, and in Volume 20, p. 278 of Cyc.

The underlying principle in all of these cases is that the writing relied on must, in itself, contain a complete description of the subject-matter, or refer to some other writinf, or extrinsic fact, such as a local appellation, that will point out the subject-matter; where this extrinsic fact, or local appellation, does not supply the description, parol evidence is inadmissible, and the description is insufficient, under the statute of frauds.

ANDERSON, J., delivered the opinion of the court.

(After stating the facts as above). Standing timber being a part of the real estate is within the statute of frauds (section 4775, Code of 1906; section 3119, Hemingway's Code), as held by this court in *Harrell* v. *Miller,* 35 Miss. 700, 72 Am. Dec. 154; *McKenzie* v. *Shows,* 70 Miss. 389, 12 So. 336, 35 Am. St. Rep. 654; *Nelson* v. *Lawson,* 71 Miss. 819, 15 So. 798; *Walton* v. *Lowrey,* 74 Miss. 484, 21 So. 243; and *Butterfield Lumber Co.* v. *Guy,* 92 Miss. 361, 46 So. 78, 15 L. R. A. (N. S.) 1123, 131 Am. St. Rep. 540.

It was held in *Bowers* v. *Andrews,* 52 Miss. 596, that every conveyance of land (and the same is true, of course, of a contract to convey) must define the identity and fix the locality of the land, and that this might be done in two modes. First, by a complete description in the writing itself pointing out directly the subject-matter; or, second, by reference to something *aliunde* the writing pointing with certainty to the property intended to be conveyed; that if reference is made to anything outside of the writing in aid of the description of the property, such reference must not be uncertain and doubtful. And in *Holmes* v. *Evans,* 48 Miss. 247, 12 Am. Rep. 373, the court said that,

in that class of cases where parol evidence was allowed to show the locality of the land in question, the writing itself must refer to something extrinsic by which the land could be identified by such evidence with certainty. And it was held in *McGuire* v. *Stevens,* 42 Miss. 724, 2 Am. Rep. 649, and *Fisher* v. *Kuhn,* 54 Miss. 480, that direct evidence of intention as contradistinguished from evidence to show that intent expressed in the writing is inadmissible.

It will be noted in the correspondence, which is relied on as constituting the written contract complying with the statute of frauds, that the timber in question is described in varying terms. In appellant's letter of March 16, 1920, it is referred to as, "this timber tract of yours," and in appellees' letter as "our elm and hackberry timber." In the letter of appellant of April 3, 1920, is referred to as "the timber you own at Lorenzen," and in appellant's letter of May 17, 1920, it is described as "the elm stumpage we made arrangements to purchase from you located at Lorenzen, Mississippi;" and in appellant's letter of May 19, 1920, it is described as "the timber we bought from you at Lorenzen." And in the letter of appellees to appellant undated, but the last of the correspondence, referred to the timber in question in this language:

"In regard to the elm proposition we were figuring on at Lorenzen, Mississippi, we managed to dispose of our whole tract, shrubs, including all elm and other timber."

Applying the principles declared by this court in the cases above referred to, the court has held the following descriptions of land void in the cases named:

"Received of Micajah Bennett one hundred dollars, on account of an interest that I have let said Bennett have in a section of land located in range 8, east, township 17, and section 17," in *Allen* v. *Bennett,* 8 Smedes & M. 672.

"Received . . . one hundred dollars as part payment on a piece of property on the corner of Main and Pearl streets, city of Natchez, county of Adams, state of Mississippi," in *Holmes* v. *Evans, supra.*

"Received of Mr. Patrick McGuire two thousand dollars it being in part payment for a house and lot sold him

by my brother, C. M. Stevens, Jackson, Miss., October 8, 1863," in *McGuire* v. *Stevens, supra.*

"Lot and residence at Madison Station, for the taxes assessed to the reputed owner thereof, Thomas McMahon, for the year 1871," in *Bowers* v. *Andrews, supra.*

"The lot of ground formerly occupied by W.," in *Fisher* v. *Kuhn, supra.*

"My land, the entire tract, seven hundred and twenty-eight acres," in *Barnett* v. *Nichols,* 56 Miss. 622.

"All our right, title, claim and interest in a tract of land belonging to" a designated person, in *Bunckley* v. *Jones,* 79 Miss. 1, 219 So. 1000.

"In consideration of fifty dollars I hereby give to R. T. Scherck a fifteen-day option on twenty-two thousand acres of timber land in Franklin and Jefferson counties, Mississippi, at twelve dollars and fifty cents per acre," in *Scherck* v. *Moyse,* 94 Miss. 259, 48 So. 513.

"Received from Monroe Nickerson the sum of nine dollars to apply on purchase of land on the south side of the town of Darling, to be measured later and paid for at the rate of thirty dollars per acre," in *Nickerson* v. *Fithian Land Co.,* 118 Miss. 722, 80 So. 1.

It will be observed that nearly all of the descriptions involved in the above cases are more definite and certain than the one in question here. There is nothing whatever in the correspondence indicating the quantity of timber the appellant proposed to buy from the appellees, nor the number of acres of land on which it stood, nor where the land was situated, except it is referred to as being near Lorenzen; nor the character of the standing timber, except it is referred to in one letter as elm and hackberry timber and in another as elm stumpage. Therefore the correspondence relied on as meeting the requirements of the statute of fraud neither describes with any degree of certainty the subject-matter of the contract, nor does it refer to anything outside of the contract which points with any degree of certainty to the timber intended to be sold.

*Affirmed.*