GILMORE-PUCKETT LUMBER CO. v. BANK OF TUPELO.

(Division B. Nov. 23, 1936.)

[170 So. 682. No. 32411.]

**Arthur T. Cleveland**, of Fulton, and **Leftwich & Tubb**, of Aberdeen, for appellant.

I. **L. Sheffield,** of Fulton, for appellee.

160

Argued orally by **T. J. Tubb**, for appellant.

**Griffith, J.**, delivered the opinion of the court.

## On the Direct Appeal

On April 2, 1927, appellant purchased from C. C. Morgan all the timber of a certain description on a described tract of land, and received a deed therefor. At the time the property was encumbered by a recorded deed of trust given by Morgan to appellee and remained so encumbered for an amount greater than the value of the said timber; and although the deed of trust has now been foreclosed, there yet remains a balance due in excess of the value of the timber. In the fall of 1927, the timber was cut and removed by the B. H. Baine Lumber Company; but the bank being of the opinion that appellant, rather than the Baine Company, was liable for the trespass and conversion, sued appellant and recovered a judgment, from which this appeal has been prosecuted.

It was the theory of appellee that if the Baine Company took the timber by virtue of any kind of written or oral arrangement with appellant, or was in any manner an assignee of appellant, the latter would be liable for the trespass and conversion, even though the vendor had no actual part in the cutting, removal, and conversion, and received no part of the proceeds thereof. Appellee obtained three instructions from the court which in broad language charged the jury to that effect.

The general rule is that one who merely sells property to which he has no title is not liable for trespass committed by his vendee. 63 C. J., p. 934. But an examination of the cases, many of which are grouped in the annotations under Hendrix v. Black, in L. R. A. 1918D, page 220 et seq., will disclose that there is a considerable weight of authority to the effect that when one claims good title to timber and conveys it with warranty, or with assurance of good title or right grants a license to another to cut and remove having reason to believe that such other will, on the faith of that assurance of title, act in accordance with the conveyance or grant, the ven-

dor or grantor will be liable for the acts of the grantee in damaging or removing the timber. It is not necessary, however, in this case for us to either accept or reject as correct the foregoing statement as a rule in this jurisdiction; for we have used it merely as introductory to what we do hold and which is supported by all the cases, to-wit, that when the vendor for a consideration then finally determined and fixed in amount and then and there paid or secured, conveys by quitclaim merely or grants a license without any assurance of good title, so that the vendee or grantee takes it upon his own responsibility and at his sole risk of right or title, the vendor is not liable for trespasses or conversions by the vendee. If, however, even when there is no assurance of title, the payment for the timber is to be and is made to the vendor, based upon a stumpage, or log or board measure calculation as the timber is cut or is removed or is sold as lumber, then the vendor will become a joint actor in the conversion and will be liable for the proceeds received by him. Seward v. West, 168 Miss. 376, 382, 150 So. 364.

There is no evidence in the record as to what kind of conveyance, or grant or license, was given by appellant to the Baine Company. It may have been a mere quitclaim or some such arrangement as was no more than a mere quitclaim, from which it follows that the aforementioned instructions granted appellee were erroneous, and harmfully so. There is, however, some evidence sufficient to go to the jury that as a probability the Baine Company may have paid appellant for this timber or for some of it by measure as shipped. This evidence is weak almost to the point of feebleness; nevertheless we cannot safely say it is so lacking in probative force as to let in the peremptory instruction requested by appellant; and we would be better satisfied to award a new trial when the issues may be submitted upon correct theories of the law, and the case, if there be any, may be better de-

veloped, as, for instance, by recourse to the books of the two lumber companies.

Appellant devotes considerable argument to the action of the court in allowing the witness Bond to be examined by appellee as an adverse witness. We do not find in the record of the examination of this witness any objection by appellant specifically on this point, or that it was brought to the attention of the trial judge in such a manner as to make it his duty definitely to rule upon it. The trial judge was not required to raise the question of his own motion. Therefore, under familiar rules, the point cannot be for the first time raised and considered on appeal.

### On the Cross-Appeal.

When the case was first ready for trial at a former term, appellee moved the court to appoint a referee under section 597, Code 1930, and the court sustained the motion, over the objection of appellant. A referee was appointed with directions to hear the entire case and every issue in it. The referee heard the case and made his report, whereupon appellant excepted to the report and moved the court to vacate the order of reference and to disregard the proceedings before the referee, which motion the court sustained.

The general rule, in other jurisdictions, under similar statutes is that references in courts of law may be made only in cases arising in contract, and are not available in actions in tort. 53 C. J., p. 690; sec. 30. This rule has heretofore been observed by the few cases that have appeared in this court wherein this statute was used; and we therefore hold to the general rule as stated. It follows that the court was correct in vacating the order of reference and in disregarding the entire of the proceedings thereunder. The testimony taken before the referee is no part of the case, except in so far as it was used in the cross-examination of witnesses actually and later be-

fore the jury. And appellant did not waive its objection theretofore made in open court, when the reference was ordered, by the fact that it afterwards appeared and contested liability before the referee. Having objected and entered its objection of record when the reference was made, appellant did not any more lose the benefit thereof than does a party waive his overruled objection to evidence, duly made and noted, when he cross-examines upon that evidence, or puts in evidence in the attempt to overcome it by proof.

Reversed and remanded on direct appeal; affirmed on cross-appeal.

**Anderson, J.**, disqualified, takes no part.