HUDSON *v.* LANDERS, et al.

Nov. 24, 1952

No. 38539          9 Adv. S. 41          61 So. 2d 312

448

*J. W. Shanks* and *L. C. Bridges,* for appellant.

*E. F. Coleman,* for appellees.

Holmes, J.

The appellant brought this suit in the Circuit Court of Lamar County alleging the unlawful and willful cutting by the appellees of 80 hardwood trees on the lands of the appellant in Lamar County, and seeking to recover the actual value of the trees in the sum of $1,000.00, and the statutory penalty therefor in the sum of $1,200.00, or the total sum of $2,200.00. The appellees answered, denying liability, and upon the conclusion of the evidence the cause was submitted to the jury and resulted in a jury verdict for the appellees, and judgment was entered accordingly. From this judgment the appellant prosecutes this appeal.

The undisputed facts are substantially as follows: The appellant was the owner of 120 acres of land in Lamar County, and on January 8, 1951, acquired by deed from Evelyn Nation 80 acres adjoining, subject to a reservation of the minerals therein. Some two, three, or four

days prior to the execution of this deed, the appellee, O. H. Landers, who from time to time bought timber for the appellee, John Rogers, and for which Rogers paid him a commission, purchased by oral agreement from Curtis Nation, with the assent and acquiescence of his wife, the timber on Mrs. Nation's land in Lamar County, and Landers was then told that he might proceed to cut the timber. Landers resold the timber by verbal agreement to Rogers, and Rogers, without knowledge of the conveyance to the appellant, entered upon the land and began cutting. He was stopped by appellant, but before he was stopped he cut 80 hardwood trees, cutting all of them from the 80 acre tract except about one-eighth thereof, which were cut from the adjoining 120 acres of the appellant. Neither Mrs. Nation nor the appellant were paid for the timber.

According to the testimony of the appellant, Rogers hauled away all of the trees with the exception of some small trees and tops, which appellant took possession of and derived therefrom $175.00. Appellant testified that the trees cut comprised 250 board feet to the tree, or a total of 20,000 feet, and that the value thereof was $50.00 per thousand, or a total of $1,000.00. The testimony of the appellees showed that Rogers did not haul away any of the timber but that he left it and that the appellant sawed it and appropriated it to his own use.

Upon the conclusion of the testimony, the appellant asked and was refused a peremptory instruction to the jury to return a verdict for the appellant for actual damages in the sum of $1,000.00, and for the statutory penalty in the sum of $1,200.00. The appellant assigns this as error. We are of the opinion that the trial court committed no error in refusing this requested instruction. The proof was insufficient to justify the award of the statutory penalty. (Hn 1) It is true that the verbal agreement under which Landers bought the timber from Mrs. Nation and was authorized to cut it, and the like verbal agreement

under which Landers resold to Rogers, were void because within the statute of frauds. Sec. 264, Code of 1942; Harrell v. Miller, 35 Miss. 700, 72 Am. Dec. 154; Queen City Hoop Company v. Barnett, 127 Miss. 66, 89 So. 819. Nevertheless, these agreements constituted a license to enter upon the land until revoked. Walton v. Lowrey, 74 Miss. 484, 21 So. 243. The proof fails to show that Rogers knew of the conveyance by Mrs. Nation to the appellant at the time he entered upon the land and cut the timber, **(Hn 2)** and affirmatively shows that Rogers immediately ceased cutting upon notice of the appellant's claim. **(Hn 3)** The evidence is insufficient, therefore, to show that there was a willful wrong committed in the cutting of the timber, or that there was in connection therewith such gross negligence, or such real indifference, or such lack of good faith as to be tantamount to willfulness, and in the absence of such showing the statutory penalty should not be allowed. Seward v. West, 168 Miss. 376, 150 So. 364, 366; Pippen v. Sims, 51 So. 2d 272; Sansing v. Thomas, 52 So. 2d 478. **(Hn 4)** There is another reason, however, why the requested peremptory was correctly refused. The instruction directed the jury to return a verdict for the actual value of the timber in the sum of $1,000.00. The appellant's proof showed the value of the timber to be $1,000.00. The appellant testified that he got some of the smaller logs and some of the tops and that he received for these $175.00. In no event, therefore, was he entitled to recover more than the difference between $1,000.00 and $175.00, or the total sum of $825.00. A further reason for the refusal of the peremptory is that the evidence as to who got the timber after it was cut, that is to say, whether the appellant or Rogers got it, was conflicting and this issue was one proper to be submitted to the jury.

It is complained, however, that the trial court was in error in granting to the defendants the following instructions:

"The Court instructs the jury for the defendants that if you believe, from the evidence in this case, that the defendants cut the timber in question from the land in question and while so cutting the said timber the plaintiff informed the defendants that he owned the timber but authorized them to cut same, your verdict shall be for the defendants even though you may believe that the defendants did not pay John Hudson, Jr., for the timber."

"The court instructs the jury for the defendant that if you believe, from the evidence in this case, that the defendant purchased the timber in question from Curtis Nation prior to the time John Hudson, Jr., purchased the land from Mrs. Curtis Nation, your verdict shall be for the defendants even though you may believe from the evidence that the defendant has not paid Curtis Nation or his wife Mrs. Curtis Nation for the said timber."

(Hn 5) We think the granting of these instructions was reversible error. The instructions were peremptory in nature under the facts of this case and authorized a verdict for the appellees even though the appellees got the timber and never paid for it. The record in this case clearly shows that the appellant was the legal owner of the timber which was cut and if either of the appellees got the timber, he was obligated under the facts of this case to pay the appellant therefor.

The evidence in this case, however, fails to show that the appellee, O. H. Landers, got any of the timber or that he cut the same or supervised or participated in the cutting. His only connection with the transaction was his purchase of the timber by oral agreement from Mrs. Nation and his resale thereof to Rogers by oral agreement and without any assurance of title. His contract for the purchase of the timber was void because it was verbal and within the statute of frauds. Nevertheless, the fact that he sold to Rogers the timber to which he had no title did not render him liable for the trespass committed by

his vendee. **(Hn 6)** The general rule is that one who merely sells property to which he has no title is not liable for trespass committed by his vendee. 63 C. J., p. 934; Gilmore-Puckett Lumber Co. v. Bank of Tupelo, 177 Miss. 152, 170 So. 682, 683; Odom v. Luehr, et al., 57 So. 2d 867. We are of the opinion, therefore, that the record fails to show liability on the part of Landers for the timber which was cut and that the judgment of the court below as to the appellee Landers should be affirmed. Because of the error of the trial court in granting the two instructions above set out, the judgment of the court below as to the appellee Rogers must be reversed and the cause remanded.

It follows from the views expressed that the judgment of the court below is affirmed as to the appellee, O. H. Landers, and reversed and remanded as to the appellee, John Rogers, and it is directed that the appeal costs be assessed against the said appellee, John Rogers.

Affirmed in part, and reversed and remanded in part.

*Roberds, P. J.,* and *Hall, Lee,* and *Arrington, JJ.,* concur.